THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGER D. DALE, Defendant-Appellant.

Fifth District   No. 5—84—0686

Opinion filed October 3, 1985.—Rehearing denied October 29, 1985.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:
After a jury trial in the circuit court of Saline County, defendant

Roger D. Dale was found guilty of unlawful delivery of a controlled substance (two counts), unlawful possession of a controlled substance, unlawful possession of cannabis, unlawful use of weapons, armed violence (two counts), and possession of a firearm without required identification. The court sentenced defendant as to all eight counts. Defendant appeals.

Defendant was charged, convicted, and sentenced as follows: Count I, unlawful delivery of a controlled substance, more than 30 grams of a substance containing cocaine (sentence, 10 years); count II, unlawful use of weapons (fined $100); count III, unlawful possession of cannabis, more than 2.5 grams and not more than 10 grams (fined $100); count IV, unlawful delivery of a controlled substance, more than 10 grams and not more than 30 grams of a substance containing cocaine (six years); count V, unlawful possession of a controlled substance, more than 30 grams of a substance containing cocaine (six years); count VI, armed violence based on count V (10 years); count VII, armed violence based on count IV (10 years); and count VIII, possession of a firearm without a firearm owner's identification card (fined $100). The court also imposed a "street value" fine of $139,200.

Evidence at trial was as follows: Illinois Division of Criminal Investigation Special Agent Phillip Sylvester arranged to meet defendant at a motel parking lot; Sylvester and defendant stopped their automobiles so that the drivers' sides of the vehicles were adjacent. Each man warned the other that he had a gun. Sylvester displayed $5,000 in cash; defendant displayed a clear bag containing five smaller bags and stated that each contained one ounce of cocaine. Sylvester gave defendant the cash for one of the smaller bags. Sylvester then signaled other law enforcement officers who arrested defendant and removed the other four bags and a derringer from defendant's car. They also searched defendant, finding a small amount of cocaine and cannabis.

Defendant argues that this court should vacate the convictions as to counts IV through VII because they are "included" in the offense charged in count I. The State does not argue as to counts IV and V. A defendant may not be convicted of more than one offense based on a single physical act. With regard to multiple acts, a defendant may not be convicted of more than one offense where some are lesser included offenses. Multiple convictions and concurrent sentences are permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. When more than one offense arises from a series of closely related acts and the offenses

are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered. *People v. King* (1977), 66 Ill. 2d 551, 565-66, 363 N.E.2d 838, 844-45.

■ The basis of count IV is the bag defendant handed to agent Sylvester. Count I is based on the four bags recovered from defendant's automobile. As only one "act" was involved, defendant's physical delivery of the single bag, the conviction and sentence as to count IV must be vacated.

■ Count V is based on possession of the substance which is the basis of the delivery charges in count I. Unlawful possession of a controlled substance is an included offense of unlawful delivery of a controlled substance. (*People v. Lewis* (1980), 83 Ill. 2d 296, 415 N.E.2d 319.) The conviction and sentence as to count V is vacated.

■ We turn to counts VI and VII, the armed violence counts. Defendant contends that both armed violence convictions are "included" in the delivery of cocaine conviction (count I); that count VII and count I are based on the same physical act; that count VII must be vacated because with count IV vacated there is no underlying felony as to count VII; and that count VI is based on the same physical act as count V. At this time authority on the relationship of the armed violence statute to controlled substances violations is scant. The general rule is that two convictions may not be had based on the same acts or closely related acts if one is "included" in the other. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 845.) In the instant context, an "included" offense is an offense which is established by proof of the same or less than all of the facts required to establish the commission of the offense charged. (Ill. Rev. Stat. 1983, ch. 38, par. 2—9(a).) A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law. Ill. Rev. Stat. 1983, ch. 38, par. 33A—2.

In count I, defendant was charged with delivering 30 grams or more of cocaine; in count VI, with possessing 30 grams or more of cocaine while armed with a pistol; and in count VII, with delivering more than 10 grams but not more than 30 grams of cocaine while armed with a pistol. Neither count VI nor count VII is "included" in count I; counts VI and VII both require proof not required as to count I, *i.e.*, that defendant was armed with a pistol.

■ Are counts I and VII based on the same physical act? Both counts concern delivery of cocaine, though not of the same amounts. We are of the opinion that no more than one "delivery" occurred under the instant facts. Defendant and Sylvester met but once; a single packet was exchanged; while defendant was found guilty of deliver-

ing the other four packets, there was no physical delivery of those packets. (*Cf. People v. Lenoir* (1984), 125 Ill. App. 3d 260, 267, 465 N.E.2d 1027, 1032 (the court concluding that only one offense of armed violence occurred based on possession of a controlled substance even though the defendant possessed two different controlled substances).) That two different amounts of cocaine are referred to in the two counts is likewise of no importance, this difference being a product of the way in which the information was drafted, not defendant's actions. Count VII must be vacated.

Since count VII must be vacated, we need not consider defendant's contention that our vacating count IV leaves count VII without an underlying felony to support it. However, we note the following: Defendant's argument in this regard implies a view that the underlying felony need not only be committed, but must also be the subject of a conviction. Were this true, a conviction for armed violence could never stand alone. This is not true. See *People v. Lenoir* (1984), 125 Ill. App. 3d 260, 465 N.E.2d 1027; Ill. Rev. Stat. 1983, ch. 38, par. 33A—2.

■ Is count VI based on the same physical act as count V? Assuming that it is, we need not disturb count VI, as count V must be vacated. Is count VI based on the same physical act as count I? In our view, at most the two counts pertain to a series of related acts, which may result in multiple convictions and concurrent sentences. (See *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.) It is true that possession of a controlled substance is an included offense of delivery (*People v. Lewis* (1980), 83 Ill. 2d 296, 415 N.E.2d 319); however, as we have noted above, possession of cocaine while armed with a dangerous weapon is not. Delivery of a controlled substance is one act; driving one's car while in possession of a controlled substance and a dangerous weapon is quite another. In the instant case the acts are closely related; appropriately, the instant convictions based on those acts are the subject of concurrent sentences.

Recapitulating, defendant's convictions and sentences as to counts IV, V, and VII are vacated; pending our further discussion, the convictions and sentences as to counts I, II, III, VI, and VIII are affirmed.

■ Next, defendant argues that the "street value" fine of $139,200 imposed upon him based upon the value of the cocaine must be vacated because the reference to "street value" in section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1) is unconstitutionally vague. Defendant acknowledges that the issue was not raised in the trial court and may be

deemed waived on appeal. See *People v. Amerman* (1971), 50 Ill. 2d 196, 197, 279 N.E.2d 353, 354.

Aside from defendant's waiver of the issue, we hold it to be without merit. A sentencing provision is unconstitutionally vague if an ordinary person reading it cannot understand the consequences of violating a criminal statute. (*United States v. Batchelder* (1979), 442 U.S. 114, 123, 60 L. Ed. 2d 755, 764, 99 S. Ct. 2198, 2203-04.) The root of the rule is fairness. (*People v. Simpson* (1974), 24 Ill. App. 3d 835, 840, 321 N.E.2d 464, 467.) In reading a statute we give the words used their ordinary meaning unless the legislature indicates some other meaning. *People v. La Pointe* (1981), 88 Ill. 2d 482, 499, 431 N.E.2d 344, 352.

Defendant notes that phrases similar to "street value" have common and accepted meanings: In the context of taxable values, "fair cash value" means fair market value (*People ex rel. Korzen v. American Airlines, Inc.* (1967), 39 Ill. 2d 11, 18, 233 N.E.2d 568, 572); "market value" is the price a willing purchaser will voluntarily pay to a willing seller (*In re Estate of Voss* (1973), 55 Ill. 2d 313, 315, 303 N.E.2d 9, 11). Evidently "street," not "value," is the problem here. "Street," when used as an adjective, has been defined as "carried on or taking place in the streets ***." (Webster's Third New International Dictionary 2259 (1976).) "Street value" is, then, the price "in the streets," *i.e.*, in a sale between a willing seller and a willing buyer in the streets.

How does "street value" differ from "market value" or "fair cash value"? Cocaine may be sold lawfully. By basing the section 5—9—1.1 fine upon "street value," the legislature has shown its intent that the fine be based on the value of the substance in the illegal market, not the legal one. It is not surprising, then, that "street value" provides no precise standard for the fine. It is not, standing alone, the intended standard. "Street value" shows which of the two possible markets is to be considered in setting the fine.

When we read the entire statute, placing "street value" in its proper context, we see an understandable measure of the consequences of section 5—9—1.1. The fine must be "not less than" the full street value. It may be more. Thus even if the accused knows the "street value" of the substance in question to the penny, he does not know the extent of his exposure to the fine. This is not unfair or vague; it is spelled out in black and white. Further, we see on reading the final sentence of section 5—9—1.1 that "street value" is to be determined on the basis of testimony by "law enforcement personnel" and the defendant "and such testimony as may be required by

the court \*\*\*." A potential offender can predict the consequences of his conduct under this provision: If convicted, he will sit in court and hear the police give their opinions of what the going illegal price is, and he may cross-examine them and contribute his own opinion if he so chooses. This is not vague or unfair. The accused may read it in the statute. He will still be uncertain as to the going illegal price, because illegal sales are not commonly witnessed or recorded. The uncertainty, *i.e.*, vagueness, inherent in measuring this price is the product of the accused's choice of an illegal, clandestine activity, not the legislature's choice of unfairly vague words.

We conclude that, to the extent that section 5—9—1.1 employs a vague standard, it is necessarily so in view of the evil to which section 5—9—1.1 is directed. This statute is not unconstitutionally vague.

Finally, defendant argues that the $120 credit against his fine to which he is entitled based on 24 days of preconviction custody (Ill. Rev. Stat. 1983, ch. 38, par. 110—14) should be applied to each of his four fines, thus reducing his three $100 fines to zero. Defendant seeks a total credit of $420. The argument has no merit. In construing a statute we ascertain the intent of the legislature and give it effect. The language of the statute is the best demonstration of legislative intent. (*People v. Rink* (1983), 97 Ill. 2d 533, 539, 455 N.E.2d 64, 67.) If the legislature wished to confer multiple credit for multiple offenses, it could have said so. It did not. Further, the interpretation suggested by defendant would reward those persons convicted of multiple offenses in proportion to the number of offenses committed by multiplying credit against fines assessed. The instant case is an illustration of that perverse result.

For the foregoing reasons, the judgment of the circuit court of Saline County is vacated as to counts IV, V, and VII; the judgment is affirmed in all other respects.

Judgment vacated in part; affirmed in part.

KARNS and KASSERMAN, JJ., concur.