THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HARLIS D. ATTEBERRY, Defendant-Appellant.

Fifth District   No. 5—86—0166

Opinion filed March 31, 1987.

Daniel M. Kirwan and Andrew P. Zinner, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, Harlis D. Atteberry, pleaded guilty to burglary and was sentenced to probation. As incidents of that probation, defendant was ordered to pay a $500 fine, $800 restitution, and a $20 fine to the Violent Crime Victims Assistance Fund. His probation was revoked, and he was sentenced to four years' imprisonment "with

credit for time served in the Jefferson County Jail from December 4, 1985 to March 17, 1986." On appeal, defendant contends that he is entitled to additional credit for time served in jail against his penal sentence and that he is entitled to certain credits against his fine.

The record establishes that the arrest warrant was served on defendant on June 5, 1984, and he posted bond on June 7, 1984. Defendant, therefore, contends that he is entitled to an additional three days' credit against his sentence of imprisonment. The State concedes that defendant is entitled to an additional three days' credit. This court agrees with the parties' contention. Defendant is entitled to an additional three days' credit against his sentence of imprisonment. See *People v. Johns* (1984), 130 Ill. App. 3d 548, 549, 474 N.E.2d 739, 740; *People v. Scheib* (1979), 76 Ill. 2d 244, 250, 390 N.E.2d 872, 875.

Defendant next contends that he is entitled to reimbursement of his $500 fine due to his incarceration from December 4, 1985, through March 17, 1986. On December 4, 1985, the State filed a petition to revoke defendant's probation. On December 6, 1985, the State filed a "Notice of Petition to Revoke Probation" accompanied by a certificate of service that the "Notice" had been mailed to defendant by the probation office. The presentence report indicates that on August 26, 1985, defendant was convicted in Marion County of driving while license suspended and sentenced to 250 days' imprisonment. Defendant's presence in Jefferson County was obtained by means of a "Writ of Habeas Corpus *ad Prosequendum.*"

On December 30, 1985, defendant appeared in court and was informed of the allegations in the petition to revoke. The court appointed counsel and set February 3, 1986, for arraignment. No bond was set, and the assistant State's Attorney stated: "This man's [defendant] in custody on a traffic charge out of Marion County." On February 3, 1986, based upon the evidence presented by the State, the court found that defendant violated his probation. Sentencing was set for March 17, 1986.

At the sentencing hearing, defendant testified that if it were not for the petition to revoke probation, he would be in the Marion County jail serving a sentence of 250 days imposed upon a conviction for driving while license suspended. Defendant opined that the foregoing sentence would expire on April 28, 1986. The court sentenced defendant to four years' imprisonment and denied credit for time served on probation, except for December 4, 1985, until the date of sentencing for which credit was granted. The court found that the fine and costs had been paid in full.

Defendant contends that he is entitled to reimbursement of the $500 fine because he should have been credited for the 104 days served in jail on the petition to revoke pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 110—14). The State contends that defendant is not entitled to such credit as the foregoing section provides credit against a fine "levied on conviction" and probation revocation proceedings do not lead to a conviction.

Section 110—14 provides in pertinent part:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant."

In the case at bar, however, defendant was never incarcerated on a bailable offense. Section 5—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(a)) provides that when a petition to revoke probation is filed the court may order a summons, an arrest warrant, or the county probation department to issue a "notice to the offender to be present." A notice to be present is analogous to a "notice to appear," which is defined in section 107—1(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 107—1(c)) as "a written request issued by a peace officer that a person appear before a court at a stated time and place." A notice to appear has nothing to do with custody. As defendant was not in custody pursuant to any activity on the petition to revoke, there was no need for the court to set bond as provided in section 5—6—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(b)), and in the case at bar, no bond was set by the court. In order to establish that he was incarcerated pursuant to the petition to revoke probation, he relies on the Jefferson County "Sheriff's Certificate of Time Served." Although defendant was incarcerated in the Jefferson County jail from December 4, 1985, to March 17, 1986, he was not incarcerated pursuant to an arrest warrant for failure to post bond but by writ of *habeas corpus ad prosequendum* which ordered the defendant removed from incarceration on his Marion County conviction and taken to Jefferson County. If defendant had not been serving a sentence on a conviction for driving while license suspended, there would have been no authority to hold defendant in the Jefferson County jail. Therefore, the court properly did not grant defendant credit against his fine for the December 4, 1985, to March 17, 1986, period.

Defendant next contends that he is entitled to $15 credit

against his fine for the June 5 through June 7, 1984, period when he was not able to post bond prior to conviction. While conceding that section 110—14 is applicable to time served prior to conviction, the State argues a defendant appealing a probation revocation may not challenge his underlying conviction. We note that the record does not contain any indication that the clerk of the court notified defendant of the credit as required by section 110—14; therefore, defendant is entitled to $15 reimbursement of his fine, as the court stated that his fine had been totally paid. See *People v. Nowman* (1980), 87 Ill. App. 3d 42, 45, 409 N.E.2d 95, 97.

■ Defendant lastly contends that he is entitled to $15 credit against the $20 fine imposed which is payable to the Violent Crime Victims Assistance Fund (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510). Defendant is not entitled to $15 credit as he has been credited for the June 5 through June 7, 1984, period against the fine imposed pursuant to section 5—9—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1). Section 110—14 states, in relevant part, "Any person *** against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated ***." The statute does not provide that one credit should be granted against all fines. The fines imposed pursuant to the Unified Code of Corrections are separate and distinct from the fines imposed pursuant to the Violent Crime Victims Assistance Act.

Although factually distinguishable to the case at bar, the reasoning of this court in *People v. Dale* (1985), 137 Ill. App. 3d 101, 484 N.E.2d 459, is applicable to the case at bar.

"If the legislature wished to confer multiple credit for multiple offenses, it could have said so. It did not. Further, the interpretation suggested by defendant would reward those persons convicted of multiple offenses in proportion to the number of offenses committed by multiplying credit against fines assessed." (137 Ill. App. 3d 101, 107, 484 N.E.2d 459, 464.)

Dale was convicted of numerous offenses and was fined on four of those offenses. Dale, who was incarcerated 24 days prior to conviction, contended that he should be granted credit of $120 against each of his fines. This court, however, rejected Dale's contention. In the case at bar, defendant was convicted of one offense and attempts to get credit against two separate fines. This court also rejects Atteberry's contention. By this opinion, this court does not intend to overrule our opinion in *Dale* in any manner.

For the foregoing reasons, the judgment of Jefferson County is affirmed and the cause is remanded with directions to grant defend-

ant three additional days' credit in addition to the December 4, 1984, through March 17, 1986, period previously granted and to take whatever steps the court deems necessary to effectuate the refund of $15 paid by defendant toward his $500 fine.

Affirmed and remanded with directions.

KARNS, P.J., and HARRISON, J., concur.