No. 2--01--0481 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Winnebago County.

)

Plaintiff-Appellee, )

) No. 98--CF--1969

v. )

)

MARC E. WHITE, ) Honorable

) Richard W. Vidal,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

The issue presented by this appeal is whether the monetary credit allowed by section 110--14 of the Code of Criminal Procedure of 1963
 (Code) (725 ILCS 5/110--14 (West 2000)) applies to court costs, probation fees, and lab analysis fees.  Section 110--14 provides:

"Credit for Incarceration on Bailable Offense.  Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant.  However, in no case shall the amount so allowed or credited exceed the amount of the fine."  725 ILCS 5/110--14 (West 2000).

For the reasons that follow, we hold that the monetary credit allowed by section 110--14 does not apply to court costs, probation fees, or lab analysis fees.

Defendant, Marc E. White, was charged with burglary in case No. 98--CF--1606; with burglary in case No. 98--CF--1969; and with possession of a controlled substance in case No. 98--CF--2981.  The trial court consolidated the cases.  Pursuant to an agreement, defendant entered a plea of guilty to all three charges.  With respect to case Nos. 98--CF--1606 and 98--CF--2981, the trial court sentenced defendant to concurrent terms of incarceration of 4½ years.  With respect to case No. 98--CF--1969, the trial court sentenced defendant to 30 months' probation to run consecutive to the terms of incarceration.  This appeal involves only the sentence of probation.

The probation order provided that defendant was to pay various "costs, fees, [and] penalties."  These monetary obligations included statutory court costs of $213; probation fees of $10 per month; a street value fine of $70; a drug assessment fee of $500; and a lab analysis fee of $50.  The probation order specified that defendant was to receive 258 days of credit for time served.   Defendant subsequently filed a 
pro
 
se
 motion for credit for incarceration on a bailable offense.  Relying on section 110--14 of the Code (725 ILCS 5/110--14 (West 2000)), defendant asserted that he was entitled to a monetary credit of $5 for each of the 258 days that he was incarcerated when he could have supplied bail.  Defendant also asserted that this amount should be applied against all of the monetary obligations that the probation order required him to pay.  Defendant calculated the maximum amount of his entitlement under section 110--14 to be $1,290 and the total amount of the monetary obligations imposed by the probation order to be $1,145.  Based on these calculations, defendant argued that the monetary credit that he was entitled to under section 110--14 covered all of the monetary obligations that the probation order required him to pay and should be applied against all of these monetary obligations.

On March 21, 2001, following a hearing on the matter, the trial court entered an order regarding defendant's motion.  As modified, the order stated in relevant part:

"[T]he street value fine of $70.00 and the statutory drug offense assessment of $500.00 are shown to be paid by the $5 per day credit earned by the defendant for the 258 days he served in the Winnebago County Jail in this cause.  The court costs, probation fee and lab fee cannot be shown as paid by credit for time served as mentioned above as they are costs and fees and not fines or assessments."

Defendant subsequently filed a notice of appeal.  The back of the notice of appeal was stamped "RECEIVED" by the clerk of this court on April 18, 2001.  The front of the notice of appeal was stamped "FILED" in the trial court on May 1, 2001.

We initially address the State's jurisdictional challenge to defendant's appeal.  The State contends that we should dismiss the appeal because defendant's notice of appeal was untimely and this court therefore lacks jurisdiction to decide the appeal.  Supreme Court Rule 606(b) provides that a notice of appeal in a criminal case must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or, if a timely postjudgment motion directed against the judgment is entered, within 30 days after the entry of the order disposing of the motion.  188 Ill. 2d R. 606(b).

In this case, the final judgment that defendant appealed from was entered on March 21, 2001, and defendant did not file a postjudgment motion directed against the judgment.  Therefore, in order for it to be timely, defendant was required to file his notice of appeal with the clerk of the circuit court within 30 days after March 21, 2001.  Defendant's notice of appeal was filed with the clerk of the circuit court on May 5, 2001, 
i.e.
, more than 30 days after March 21, 2001.  Thus, without more, the State's contention that the notice of appeal was untimely appears to have merit.

However, defendant correctly asserts that his notice of appeal should be deemed to have been timely filed under the "date of mailing" rule enunciated in 
Harrisburg-Raleigh Airport Authority v. Department of Revenue
, 126 Ill. 2d 326 (1989), and by Supreme Court Rules 373 (155 Ill. 2d R. 373) and 612(t) (177 Ill. 2d R. 612(t)).  Under the date of mailing rule, if a notice of appeal is received after the due date, the time of mailing is deemed to be the time of filing.  See 
Harrisburg-Raleigh Airport Authority
, 126 Ill. 2d at 341-42.  Because defendant's notice of appeal was received in this court on April 18, 2001, it was obviously mailed within the 30-day period specified by Rule 606(b) and therefore was timely filed.  The fact that the notice of appeal was initially received in this court rather than the circuit court is of no relevance.  See 155 Ill. 2d R. 365 (appeal filed in wrong court shall be transferred to proper court and treated as if properly filed in that court).

We now turn to the merits of defendant's appeal.  On appeal, defendant contends that the trial court erred when it ruled that the monetary credit provided by section 110--14 of the Code (725 ILCS 5/110--14 (West 2000)) did not apply to the court costs, probation fees, and lab analysis fee that he was required to pay by the probation order.  Defendant recognizes that the language of section 110--14 speaks of credit against a "fine" levied upon a conviction and is silent as to credit against monetary obligations such as those at issue here, which are labeled costs or fees.  Nonetheless, defendant argues that the credit allowed by section 110--14 should apply to the monetary obligations in question here because they should be deemed to be "fines" under section 110--14.

Defendant raises an issue of statutory construction.  Well-established principles guide us in resolving an issue of statutory construction.  The primary rule of statutory construction is to ascertain and give effect to the legislature's intent.  To determine the legislature's intent, a court should first look to the statute's plain language and should accord the language its plain and commonly understood meaning.  The court must not read into the plain language exceptions, limitations, or conditions that the legislature did not intend.  
People v. Ellis
, 199 Ill. 2d 28, 39 (2002).  Statutory construction is a question of law.  
People v. Jurisec
, 199 Ill. 2d 108, 118 (2002).  We therefore employ a 
de
 
novo
 standard of review with respect to an issue of statutory construction.  
People ex rel. Devine v. $30,700.00 United States Currency
, 199 Ill. 2d 142, 148-49 (2002).

In this case, we must construe section 110--14.  Section 110--14 provides that the credit in question shall be allowed to a "person incarcerated on a bailable offense who does not supply bail and against whom a 
fine
 is levied on conviction of such offense."  (Emphasis added.) 725 ILCS 5/110--14 (West 2000).  Section 110--14 also provides that "in no case shall the amount so allowed or credited exceed the amount of the 
fine
."  (Emphasis added.) 725 ILCS 5/110--14 (West 2000).

This plain language of section 110--14 clearly and unambiguously expresses a legislative intent to limit the applicability of the credit allowed by the statute to "fines" that are imposed pursuant to a conviction.  We discern nothing in section 110--14 that even remotely suggests that the credit can be applied against anything other than such a fine.  Accordingly, we conclude that the credit provided by section 110--14 may be applied only to such a fine.

Defendant does not really contest this construction of section 110--14.  Rather, defendant asserts that the credit he is entitled to under section 110--14 should be applied against the monetary obligations that are in question here, 
i.e.
, court costs, probations fees, and a lab fee, because these obligations should be deemed to be "fines" within the meaning of that term in section 110--14.

A "fine" is a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense.  
People v. Despenza
, 318 Ill. App. 3d 1155, 1157 (2001).  A "cost" is a charge or fee taxed by a court such as a filing fee, jury fee, courthouse fee, or reporter fee.  
Despenza
, 318 Ill. App. 3d at 1157.  Unlike a fine, which is punitive in nature, a cost does not punish a defendant in addition to the sentence he received, but instead is a collateral consequence of the defendant's conviction that is compensatory in nature.  
People v. Terneus
, 239 Ill. App. 3d 669, 672 (1992).  A "fee" is a charge for labor or services, especially professional services.  Black's Law Dictionary 629 (7th ed. 1999).

In 
Terneus
, the court stated that "[t]he law is also well settled that imposing [court] costs does not punish a defendant in addition to the sentence he receives, but is instead a collateral consequence."  
Terneus
, 239 Ill. App. 3d at 672.  In 
Despenza
, the court found that "probation costs" were not a "fine" because they were not imposed as a pecuniary punishment in addition to imprisonment.  
Despenza
, 318 Ill. App. 3d at 1157.  The statute that authorizes the imposition of a crime lab analysis fee as part of a sentence provides that one of the uses to which the fee may be put is to defray "costs incurred in providing analysis for controlled substances in connection with criminal investigations conducted within this State" (730 ILCS 5/5--9--1.4(g)(1) (West 2000)).

Based on these authorities, we conclude that all of the monetary obligations in question here are compensatory in nature and therefore should be deemed "costs" or "fees" rather than "fines."  Defendant argues that the probation fees and the lab analysis fee should be deemed fines and not "fees" because there was no showing that the amount of these fees reflected the actual costs related to his case.  However, even if defendant is correct, defendant's argument fails to convince us that this alters the fundamentally compensatory nature of the fees in question.  Defendant also argues that the monetary obligations in question should be deemed "fines" because the statutes authorizing the obligations do not contain language exempting them from the credit allowed by section 110--14.  This argument is unconvincing in the face of the plain language of section 110--14 that limits the application of the credit to "fines" and our conclusion that the monetary obligations in question are not fines.

Finally, in support of his position, defendant points to cases where the court allowed the section 110--14 credit to be applied to undifferentiated "fines and costs."  Based on the plain language of section 110--14, to the extent that these cases may have applied the credit to "costs" in addition to "fines," we decline to follow them.

Based on the foregoing, we conclude that the trial court correctly determined that the credit allowed by section 110--14 did not apply to the court costs, probation fees, and lab analysis fee.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

O'MALLEY and GROMETER, JJ., concur.