THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JONATHAN A. CHAMBERS, Defendant-Appellant.

Fourth District No. 4—08—0222

Opinion filed May 28, 2009.

Gary R. Peterson and Susan M. Wilham, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

In January 2008, a jury convicted defendant, Jonathan A. Chambers, of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2006)). In February 2008, the trial court sentenced him to a 6-year extended-term prison sentence with 148 days' sentence credit for time served before sentencing and ordered him to pay $727 for several fines and court fees. The court specifically gave him the statutory $5-per-day credit for time spent in pretrial confinement for only $500 against his mandatory drug-assessment fine. On appeal, defendant contends he is entitled to additional monetary credit (up to 148 days x $5/day = $740) against various creditable fines assessed based on the total number of days he was incarcerated before sentencing.

The State objects on the basis that the statutory entitlement applies to *only one* rather than multiple fines. We agree with defendant, affirm as modified, and remand with directions.

■ Section 110—14 of the Code of Criminal Procedure of 1963 provides as follows:

"Any person incarcerated on a bailable offense who does not supply bail and against whom *a fine* is levied on conviction of such offense shall be allowed *a credit* of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of *the fine.*" (Emphases added.) 725 ILCS 5/110—14(a) (West 2006).

Our review of the trial court's interpretation of this section is *de novo* as a question of law. *People v. Smith*, 191 Ill. 2d 408, 411, 732 N.E.2d 513, 514 (2000).

■ Defendant acknowledges he is not entitled to the $5-per-day credit against several of the fines imposed, including the $12 fine to be paid to the Violent Crime Victims Assistance Fund (725 ILCS 240/10(b) (West 2006) ("shall not be considered a part of the fine for purposes of any reduction made in the fine for time served either before or after sentencing")) and the $5 spinal-cord-injury fee (730 ILCS 5/5—9—1.1(c) (West 2006) ("shall not be considered part of the fine")); neither is the $100 crime-lab-analysis fee available for offset (730 ILCS 5/5—9—1.4 (West 2006)). Section 110—14 also provides that the credit shall not exceed the amount of the fine.

Defendant expressly argues several other fines imposed are, however, available for such crediting, specifically, the $10 street-value fine (730 ILCS 5/5—9—1.1(a) (West 2006)) and the $100 Trauma Center Fund fine (730 ILCS 5/5—9—1.1(b) (West 2006)). Under defendant's argument, his 148 days served afford defendant *up to* $740 credit as against statutorily creditable fines. Defendant specifically argues the court imposed $610 in statutorily creditable fines; that is, the $740 total is available for the total creditable fines to be applied against, *one by one, in serial fashion,* until the $5/day credit total is fully utilized *or* the total creditable fines are covered, whichever occurs first. Defendant essentially argues that the trial court erred in *limiting* creditable fines to the greatest fine imposed, the $500 mandatory drug-assessment fee, and in doing so, deprived him of his $5/day credit for 48 days he served before sentencing herein.

■ The State disagrees, citing *People v. Sinnott,* 226 Ill. App. 3d 923, 935-36, 590 N.E.2d 502, 510-11 (1992). In *Sinnott,* this court held that the statute did not permit a monetary credit against more than one fine imposed at sentencing. Since, in this case, the mandatory drug-assessment fine was the largest fine imposed by the trial court, the State reasons that the credit applied for defendant's pretrial incarceration was proper and he is not entitled to additional credit against other fines imposed. We are not persuaded. *Sinnott* involved a situation where the defendant essentially sought "double credit" for his $315 credit for time served, that is, he sought $315 credit against his $400 fine and *again* against his $2,700 street-value fine. The State also cites the Second District's opinion in *People v. Otero,* 263 Ill. App. 3d 282, 287, 635 N.E.2d 1073, 1077 (1994), and the Fifth District's opinion in *People v. Atteberry,* 153 Ill. App. 3d 10, 14, 506 N.E.2d 705, 708 (1987), which likewise involved defendants seeking "double credit." Defendant in the instant case seeks no such "double credit." Rather, defendant here seeks only the credit to which he is statutorily entitled: one $5 credit for each day he served. As defendant seeks only that to which he is clearly entitled, we award the same. We hold defendant's creditable fines should be cumulated and his monetary credit applied, in serial fashion, until it or the creditable fines are first exhausted.

Accordingly, we affirm the trial court's judgment as modified to reflect defendant's credit against the following fines: the $500 mandatory assessment fine, the $10 street-value fine (730 ILCS 5/5—9—1.1(a) (West 2006)), and the $100 Trauma Center Fund fine (730 ILCS 5/5—9—1.1(b) (West 2006)), for a total $610 credit (out of a possible

$740) against fines imposed. We remand for issuance of an amended sentencing judgment so reflecting.

Affirmed as modified and remanded with directions.

MYERSCOUGH and STEIGMANN, JJ., concur.