No. 2-08-0993   Filed: 9-16-10  Corrected: 10-5-10

---

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--676 |
| J. D. CLARK, | ) ) ) | Honorable Allen M. Anderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

---

JUSTICE McLAREN delivered the opinion of the court:

After a bench trial, defendant, J.D. Clark, was convicted of Class X felony driving under the influence of alcohol (DUI), based on having six or more prior convictions of DUI (625 ILCS 5/11--501(c--16) (West 2006)), and transporting open alcohol in a motor vehicle, a petty offense (625 ILCS 5/11--502(a) (West 2006)). On the DUI offense, he was sentenced to 80 months in prison and charged a $200 DNA analysis fee (see 730 ILCS 5/5--4--3(j) (West 2006)). On appeal, defendant argues that (1) Public Act 94--114, which raised a sixth or subsequent DUI from a Class 2 felony to a Class X felony (Pub. Act 94--114, §5, eff. January 1, 2006), was implicitly repealed by other acts and, thus, his DUI conviction must be reduced and the cause remanded for resentencing; and (2) he must receive a credit, against the DNA analysis fee, of $5 for each day spent in custody before sentencing.

The State disputes defendant's first claim of error and confesses error on the second claim. The State also requests a State's Attorney fee per section 4--2002(a) of the Counties Code (55 ILCS 5/4--2002(a) (West 2008)). In reply, defendant contends that the statutory fee does not apply, because this appeal was defended not by the Kane County State's Attorney but by the Office of the State's Attorneys Appellate Prosecutor (SAAP).

We hold that (1) under our opinion in People v. Maldonado, No. 2--08--0471 (June 7, 2010), defendant's DUI conviction must be reduced to a Class 1 felony and the cause must be remanded for resentencing; (2) defendant is entitled to the monetary credit for time served, with the result that his DNA analysis fee is wholly satisfied; and (3) the Kane County State's Attorney is entitled to the statutory fee. Therefore, we affirm as modified and remand the cause for resentencing.

Defendant's first claim of error was resolved in Maldonado, in which we held that Public Act 94--114 conflicted irreconcilably with Public Act 94--116 (Pub. Act 94--116, §5, eff. January 1, 2006), which made a fifth or subsequent DUI a Class 1 felony (see 625 ILCS 5/11--501(c--1)(4) (West 2006)). Under the rule of lenity (see People v. Hillenbrand, 121 Ill. 2d 537, 560 (1988)), we resolved the conflict in favor of the lesser penalty. Maldonado, slip op. at 10. We do the same here.

In urging affirmance, the State raises arguments that we rejected in Maldonado. As we are still unpersuaded by these arguments, and out of respect for the principle of stare decisis (see People v. Williams, 235 Ill. 2d 286, 294-95 (2009)), we follow Maldonado. We affirm defendant's conviction of DUI but reduce it to a Class 1 felony and remand for resentencing.

We hold next that defendant is entitled to a credit, against any fines, of $5 per each day that he was in custody before sentencing. See 725 ILCS 5/110--14(a) (West 2006). Defendant was in presentencing custody for 80 days, and his sole fine is the $200 DNA analysis fee (see People v.

Long, 398 Ill. App. 3d 1028, 1033-34 (2010) (DNA analysis fee is a fine for sentencing-credit purposes)). Because the total credit may not exceed the amount of the fine (725 ILCS 5/110--14(a) (West 2006)), we modify the judgment by awarding a credit of $200, offsetting the DNA analysis fee.

Finally, we turn to the State's request that we award a State's Attorney fee under section 4--2002(a) of the Counties Code, which reads, as pertinent here:

"(a) State's attorneys shall be entitled to the following fees ***:

* * *

For each case of appeal taken from his county or from the county to which a change of venue is taken to his county to the Supreme or Appellate Court when prosecuted or defended by him, $50." (Emphasis added.) 55 ILCS 5/4--2002(a) (West 2008).

Defendant contends that section 4--2002(a) does not apply. He notes that, in this appeal, a SAAP attorney, not the State's Attorney or a member of his office, filed the appearance and submitted the brief for the State. Therefore, he reasons, the appeal was prosecuted or defended not by the State's Attorney but by SAAP. As defendant notes, whether section 4--2002(a) applies to an appeal in which the State is represented by SAAP is the issue in a case pending before the supreme court. See People v. Kitch, 392 Ill. App. 3d 108 (2009), appeal allowed, 233 Ill. 2d 581 (2010).

There appears to be no case law directly addressing defendant's contention. However, as he acknowledges, in People v. Agnew, 105 Ill. 2d 275 (1985), applying a substantially similar statutory provision, the supreme court granted the State's Attorney a fee for defending an appeal in which SAAP appeared for the State. As defendant points out, the issue of whether section 4--2002(a)

applies to appeals handled by SAAP was not raised in Agnew. Therefore, we do not treat Agnew as binding authority. We do note, however, that although the defendant did not raise the issue, the supreme court could have done so sua sponte, such as by requiring the parties to brief it. Thus, Agnew strongly suggests, though it does not hold, that the employment of SAAP does not defeat the State's Attorney's right to compensation for defending an appeal.

In any event, regardless of the effect of Agnew, we believe that the State's Attorney is entitled to the fee. We rely on section 4.01 of the State's Attorneys Appellate Prosecutor's Act (the Act) (725 ILCS 210/4.01 (West 2008)), which reads, as pertinent here:

"The Office and all attorneys employed thereby may represent the People of the State of Illinois on appeal in all cases which emanate from a county containing less than 3,000,000 inhabitants, when requested to do so and at the direction of the State's Attorney, otherwise responsible for prosecuting the appeal, and may, with the advice and consent of the State's Attorney prepare, file and argue such appellate briefs in the Illinois Appellate Court ***." (Emphases added.)

This language unambiguously states that, although SAAP may represent the State on an appeal, it does so at the pleasure of the State's Attorney and at his direction. The State's Attorney retains control not only over whether SAAP files an appearance and a brief, but also over how SAAP carries out its task. Thus, the State's Attorney's employment of SAAP as an agent under his control does not change the fact that the appeal is being "prosecuted or defended by" (55 ILCS 5/4--2002(a) (West 2008)) the State's Attorney. If statutory language is unambiguous, we must enforce it as written. Henrich v. Libertyville High School, 186 Ill. 2d 381, 391 (1998). Unless and until the

supreme court holds otherwise, we shall adhere to the plain command of section 4--2002(a) of the Counties Code, which the Act does not change.

Moreover, even when SAAP represents the State on appeal, it is ultimately the State's Attorney who pays for the representation. Section 9 of the Act establishes a fund to be used exclusively for SAAP's expenses; the fund is made up of contributions from the counties. 725 ILCS 210/9 (West 2008). Thus, reimbursing the State's Attorney for defending an appeal in which SAAP appears follows logically from requiring the county, which employs the State's Attorney, to contribute to funding SAAP. Ordering a defendant to pay $50 to the State's Attorney results in essentially the same cost-shifting from the county to the defendant, regardless of whether the State's Attorney himself or SAAP files the appearance and the brief. We see no logic in abrogating the operation of section 4--2002(a) of the Counties Code merely because SAAP is involved.

For the foregoing reasons, we grant the State's Attorney a $50 fee under section 4--2002(a) of the Counties Code.

In sum, we affirm defendant's conviction of DUI but specify that it is a Class 1 felony under subsection (c--1)(4) of section 11 of the Illinois Vehicle Code (625 ILCS 5/11--501(c--1)(4) (West 2006)) and not subsection (c--16) (625 ILCS 5/11--501(c--16) (West 2006)). We affirm his conviction of transporting open liquor in a motor vehicle. We modify the judgment by awarding defendant a credit equal to his DNA analysis fee. We remand the cause for resentencing on Class 1 felony DUI.

The judgment of the circuit court of Kane County is affirmed as modified, and the cause is remanded for resentencing.

Affirmed as modified and remanded with directions.

HUTCHINSON and JORGENSEN, JJ., concur.