# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Guadarrama*, 2011 IL App (2d) 100072

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRAULIO B. GUADARRAMA, Defendant-Appellant. |
| District & No. | Second District<br>Docket Nos. 2-10-0072, 2-10-0255 cons. |
| Filed | August 12, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The DNA analysis fee is a fee, not a fine, and it is not subject to the credit for time defendant spent in custody prior to sentencing. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 05-CF-4306; the Hon. Daniel B. Shanes, Judge, presiding. |
| Judgment | Affirmed as modified. |

| Counsel on Appeal | Thomas A. Lilien and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant. |
|---|---|
| | Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Gary M. Klinger, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Constance Augsburger, of Mt. Morris, for the People. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion. Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1     The issue disputed in this appeal is whether a deoxyribonucleic acid (DNA) analysis "fee" (730 ILCS 5/5-4-3(j) (West 2008)) is a fee or a fine for purposes of awarding defendant, Braulio B. Guadarrama, monetary credit for the time he served in custody prior to sentencing. For the reasons that follow, we determine that a DNA analysis fee is a fee, not a fine, and, thus, it is not subject to the credit.

¶ 2     The facts relevant to resolving this appeal are as follows. On November 4, 2005, defendant was arrested for unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2004)). He remained in custody until April 13, 2006, when his family posted bond.

¶ 3     Defendant pleaded guilty to the offense and was sentenced to 48 months of intensive supervision. Defendant subsequently violated the terms of his intensive supervision, and the State petitioned to revoke it. Defendant was taken into custody on September 19, 2009, he admitted to violating the terms of his supervision, and he was sentenced to four years' imprisonment. As part of his sentence, the trial court and the circuit clerk imposed various assessments, including a Crime Stoppers fine ($500), a DNA analysis fee ($200), a mental health court fine ($10), a fine for the street value of the drugs seized ($200), and a Trauma Center Fund fine ($100). This timely appeal followed.

¶ 4     Although defendant never challenged in the trial court the various assessments imposed, he contends in this appeal that he is entitled to a $5-per-day credit against these assessments for each of the 194 days he was in custody before sentencing. In making this argument, defendant notes that the circuit clerk imposed the mental health court fine and the Trauma Center Fund fine and that the clerk lacked the authority to impose these fines. See *People v. Graves*, 235 Ill. 2d 244, 255 (2009); *People v. Jones*, 223 Ill. 2d 569, 595 (2006). Nevertheless, pursuant to these same authorities, defendant claims that this court may vacate those fines, reimpose them because they are mandatory, and then offset them by the amount

of monetary credit due defendant.

¶ 5        The State agrees that defendant served 194 days in custody before sentencing, that defendant is entitled to a credit of $5 for each day so served, and that this court may vacate and reimpose the mental health court fine and the Trauma Center Fund fine. However, the State claims that, while defendant is entitled to the credit for the Crime Stoppers fine, the mental health court fine, the street-value fine, and the Trauma Center Fund fine, defendant is not entitled to any monetary credit for the DNA analysis fee, as a DNA analysis fee is a fee and not a fine.[1]

¶ 6        Before considering whether a DNA analysis fee is a fee or a fine, we note that, even though defendant did not raise his monetary-credit issue in the trial court, we may consider it now. *People v. Woodard*, 175 Ill. 2d 435, 457 (1997). Because whether a DNA analysis fee is a fee or a fine presents solely a question of law, our review is *de novo*. See *People v. Carter*, 392 Ill. App. 3d 520, 523 (2009).

¶ 7        Turning to the substance of defendant's appeal, we observe that defendant's argument is premised on section 110-14(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14(a) (West 2008)). That section provides:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110-14(a) (West 2008).

¶ 8        By its clear language, section 110-14(a) of the Code applies only to fines, not fees. See *Jones*, 223 Ill. 2d at 580. What is less certain is whether a particular charge imposed against a defendant constitutes a fine or a fee.

¶ 9        In *People v. White*, 333 Ill. App. 3d 777, 781 (2002), this court determined that "[a] 'fine' is a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense." In contrast, a " 'fee' " is a "charge" that is "taxed by a court[,] such as a filing fee, jury fee, courthouse fee, or reporter fee." *Id*. "Unlike a fine, which is punitive in nature, a cost [or fee] does not punish a defendant in addition to the sentence he received, but instead is a collateral consequence of the defendant's conviction that is compensatory in nature."*Id*. "A 'fee' is a charge for labor or services, especially professional services." *Id*.

¶ 10       Based on *White*, the question with which we are left is whether a DNA analysis fee is a

---

[1]We agree with the parties that a Crime Stoppers fine, a mental health court fine, a fine for the street value of the drugs seized, and a Trauma Center Fund fine are all fines that are subject to the monetary credit. See *Graves*, 235 Ill. 2d at 255 (mental health court fine is subject to the monetary credit); *People v. Caballero*, 228 Ill. 2d 79, 82, 90 (2008) (street-value fine is subject to the monetary credit); *People v. Chambers*, 391 Ill. App. 3d 467, 469 (2009) (Trauma Center Fund fine is subject to the monetary credit); *People v. Dowding*, 388 Ill. App. 3d 936, 948 (2009) (Crime Stoppers fine is subject to the monetary credit). Moreover, we agree that the mental health court fine and the Trauma Center Fund fine must be vacated and reimposed. See *Graves*, 235 Ill. 2d at 255; *Jones*, 223 Ill. 2d at 595.

"pecuniary punishment" imposed as part of a defendant's sentence or a "collateral consequence" of a defendant's conviction that is imposed as a reimbursement for services. We determine that it falls within the latter category.

¶ 11    Although courts, including this one, have concluded that a DNA analysis fee is a fine, our supreme court has intimated that a DNA analysis fee is really a fee. Specifically, in *People v. Long*, 398 Ill. App. 3d 1028, 1033-34 (2010), the Fourth District found that a DNA analysis fee is truly a fine. Without analysis, we followed *Long* in *People v. Clark*, 404 Ill. App. 3d 141, 143 (2010), and *People v. Mingo*, 403 Ill. App. 3d 968, 973 (2010). All of these decisions preceded *People v. Marshall*, 242 Ill. 2d 285 (2011), wherein our supreme court shed light on whether a DNA analysis fee is a fee or a fine.

¶ 12    In *Marshall*, the issue presented to the court was whether a defendant who, because of a prior conviction, had previously submitted a sample of his DNA for testing and paid a corresponding DNA analysis fee could nevertheless be required, on subsequent convictions, to submit subsequent samples and pay subsequent DNA analysis fees. *Id*. at 287-88. The court answered that question in the negative, and, in so doing, shed light on whether a DNA analysis fee is a fee or a fine. *Id*. at 297-98. For instance, the court noted that "the primary purpose of the [statute addressing who is required to submit a DNA sample] is the creation of a criminal DNA database of the genetic identities of recidivist offenders." *Id*. at 291. The DNA analysis fee " 'is intended to cover the costs of the DNA analysis.' " *Id*. at 296 (quoting *People v. Rigsby*, 405 Ill. App. 3d 916, 919 (2010)). Thus, the DNA analysis fee is "paid only when the actual extraction, analysis and filing of a qualified offender's DNA occurs." *Id*. at 297.

¶ 13    Based on *Marshall*, it is clear that a DNA analysis fee is not imposed on a defendant as any type of punishment. Rather, the fee is used to cover the costs incurred in collecting and testing a DNA sample that is taken from a defendant convicted of a qualifying offense. Thus, the DNA analysis fee is truly a fee, and, because it is not a fine, defendant cannot offset it by any credit for the time he served in custody before sentencing.

¶ 14    For these reasons, the judgment of the circuit court of Lake County is affirmed as modified to reflect the satisfaction of defendant's Crime Stoppers fine, mental health court fine, street-value fine, and Trauma Center Fund fine.

¶ 15    Affirmed as modified.