# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Pohl*, 2012 IL App (2d) 100629

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALFRED A. POHL, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0629 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | November 28, 2011<br><br>May 3, 2012<br>May 3, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's convictions for three counts of domestic battery based on battering his girlfriend and two of her daughters, the appellate court modified the mittimus to reflect a credit of $10 for two days of defendant's presentence incarceration toward his drug court/mental health court fines and reduced each of his three domestic violence fines from $210 to $200, and further, two of the three court automation fees, document storage fees, clerk's fees and court security fees were vacated, since those fees only applied to the case, not each conviction. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 09-DV-701; the Hon. Elizabeth W. Sexton, Judge, presiding. |
| Judgment | Affirmed as modified in part and vacated in part. |

| Counsel on Appeal | Thomas A. Lilien and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant. |
| --- | --- |
| | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. |
| | Presiding Justice Jorgensen and Justice Bowman concurred in the judgment and opinion. |

## OPINION

¶ 1    On May 4, 2009, defendant, Alfred A. Pohl, was arrested for battering his girlfriend and two of her daughters. Defendant posted bond on May 5, 2009, and, soon thereafter, his case proceeded to a jury trial. As a result of that trial, defendant was convicted of 3 counts of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2008)), and he was sentenced to 12 months of conditional discharge. As part of the sentence, the trial court imposed various fines and fees for each count. These included, among others, $10 drug court/mental health court fines; $210 domestic violence fines; $15 court automation fees; $15 document storage fees; $75 clerk's fees; and $25 court security fees. After defendant was sentenced, and without ever taking issue with the fines and fees imposed or claiming that he was entitled to credit for the time he served in custody before sentencing, defendant timely appealed. On appeal, defendant argues that these fines and fees must be reduced or vacated, because he did not receive credit for presentencing custody and some of the fines and fees were imposed on all of the convictions despite the fact that the convictions arose from a single case. For the reasons that follow, we affirm as modified in part and vacate in part.

¶ 2    Before considering the substance of defendant's appeal, we observe that defendant never challenged in the trial court any of these fines and fees or whether he was entitled to presentencing credit. However, defendant may take issue with these matters now. See *People v. Thompson*, 209 Ill. 2d 19, 27 (2004) (void order may be attacked at any time); *People v. Woodard*, 175 Ill. 2d 435, 457-58 (1997) (whether a defendant may receive $5-per-day credit toward his fines may be raised for first time on appeal). The State concedes that defendant is entitled to presentencing credit; that one of his $10 drug court/mental health court fines may be offset by the two days defendant served in presentencing custody; and that three court security fees and three clerk's fees should not have been imposed. However, the State argues that the imposition of multiple domestic violence fines, multiple court automation fees, and

multiple document storage fees was proper. We address each of the challenged fines and fees in turn.

¶ 3     First, we consider whether defendant is entitled to a $5-per-day credit against one $10 drug court/mental health court fine. Because whether defendant is entitled to this offset presents a question of law, our review is *de novo*. *People v. Andrews*, 365 Ill. App. 3d 696, 698 (2006).

¶ 4     Section 110-14(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14(a) (West 2008)) delineates under what circumstances a defendant is entitled to presentencing credit. Specifically, section 110-14(a) provides:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." *Id.*

¶ 5     As section 110-14(a) makes clear, a defendant is entitled to a $5 credit against his fines for each day that he served in presentencing custody. Our supreme court has concluded that a drug court/mental health court fine, though labeled a fee (see 55 ILCS 5/5-1101(d-5) (West 2008)), is, in actuality, a fine. *People v. Graves*, 235 Ill. 2d 244, 255 (2009). As such, a drug court/mental health court fine may be credited by the time a defendant served in custody before sentencing.

¶ 6     Here, the record reflects that defendant served two days in custody before he was sentenced. Thus, he is entitled to a credit of $10 against one of his drug court/mental health court fines. See *People v. Atteberry*, 153 Ill. App. 3d 10, 14 (1987) (credit for three days defendant served in custody before sentencing could be applied toward $15 fine; $15 credit could not then be used toward satisfaction of $20 fine).

¶ 7     Second, we consider whether imposing three clerk's fees was proper. Because resolving that issue requires us to examine the statute that authorizes the fee, our review is *de novo*. See *People v. Marshall*, 242 Ill. 2d 285, 292 (2011).

¶ 8     Section 27.2(w) of the Clerks of Courts Act (705 ILCS 105/27.2(w) (West 2008)) dictates the costs and fees that must be assessed in criminal and quasi-criminal cases. Specifically, as relevant here, it states:

> "(1) The clerk shall be entitled to costs in all criminal and quasi-criminal cases from each person convicted or sentenced to supervision therein as follows:
>
> ***
>
> (B) Misdemeanor complaints, a minimum of $50 and a maximum of $75." 705 ILCS 105/27.2(w)(1)(B) (West 2008).

¶ 9     The plain language of section 27.2(w)(1)(B), to which we must defer (see *People v. Elcock*, 396 Ill. App. 3d 524, 538 (2009)), authorizes the imposition of a fee between $50 and $75 for a defendant convicted pursuant to a misdemeanor complaint. Here, as the parties agree, there was only one complaint filed. Thus, only one clerk's fee could be imposed. Because three clerk's fees were imposed, we vacate two.

¶ 10    Third, we consider whether imposing three court security fees was proper. Because

resolving this issue requires us to review the ordinance involved, our review is *de novo*. See *Lawrence v. Regent Realty Group, Inc.*, 197 Ill. 2d 1, 9 (2001).

¶ 11 Section 5-1103 of the Counties Code (55 ILCS 5/5-1103 (West 2008)) authorizes a county board to enact an ordinance to defray the costs of the sheriff in providing court security. Pursuant to that section of the Counties Code, the Du Page County board enacted an ordinance that permits the imposition of a court security fee in cases like this one. See Du Page County Code § 20-30 (eff. Nov. 14, 2007). Specifically, that ordinance provides, in relevant part:

> "In criminal, local ordinance, County ordinance, traffic and conservation *cases*, such fee [of $25] shall be assessed against the defendant upon a plea of guilty, stipulation of facts or findings of guilty resulting in a judgment of conviction or order of supervision ***." (Emphasis added.) *Id.*

¶ 12 The plain language of section 20-30 of the Du Page County Code, to which we must defer (see *DTCT, Inc. v. City of Chicago Department of Revenue*, 407 Ill. App. 3d 945, 949 (2011)), indicates that a $25 court security fee must be imposed against a defendant who is found guilty in a criminal case. The language refers to *cases*, not individual convictions. Thus, as the parties agree, only one $25 court security fee could be imposed against defendant in this case. Accordingly, we vacate two of the $25 court security fees imposed against defendant.

¶ 13 Fourth, we address whether imposing three $210 domestic violence fines was proper. Defendant challenges the three $210 domestic violence fines in two ways. Specifically, defendant argues that (1) only one fine may be imposed in a single case and (2) the amount of any such fine must be reduced to $200. In response, the State agrees that all three $210 fines must be reduced to $200, as the record reflects that the extra $10 was imposed pursuant to section 5-9-1.6 of the Unified Code of Corrections (730 ILCS 5/5-9-1.6 (West 2008)), which provides for a $10 domestic battery fine *in addition to* any other fine, including a $200 domestic violence fine. Here, the $10 was imposed twice: once as $10 separately and once added onto the $200. However, the State argues that imposing three $200 domestic violence fines was proper.

¶ 14 Resolving whether multiple domestic violence fines may be imposed necessarily requires examining section 5-9-1.5 of the Unified Code of Corrections (730 ILCS 5/5-9-1.5 (West 2008)), which governs imposing that fine. Accordingly, our review is *de novo. Marshall*, 242 Ill. 2d at 292.

¶ 15 Section 5-9-1.5 of the Unified Code of Corrections provides, in relevant part:

"In addition to any other penalty imposed, a fine of $200 shall be imposed upon any person who pleads guilty or no contest to or who is convicted of *** domestic battery ***." 730 ILCS 5/5-9-1.5 (West 2008).

¶ 16 In interpreting section 5-9-1.5 of the Unified Code of Corrections, we are guided by the familiar rules of statutory construction. The primary objective in construing a statute is to ascertain and give effect to the legislature's intent. *Marshall*, 242 Ill. 2d at 292. The surest and most reliable indicator of legislative intent is the statutory language itself. *Id.* We must construe the statute as a whole, giving the statutory language its plain and ordinary meaning.

*Id.* In doing so, when the statutory language is clear and unambiguous, we must apply the statute without resorting to any extrinsic aids of construction. *Id.*

¶ 17   On the other hand, if the statute is susceptible to being interpreted in more than one way by reasonably well-informed people, the statute is ambiguous. *Id.* In such instances, a court may consider extrinsic aids of construction in discerning the legislature's intent. *Id.* We must construe the statute to avoid rendering any part of it meaningless or superfluous. *Id.* Additionally, we cannot view words and phrases in isolation, but, rather, we must consider them in light of other relevant statutory provisions. *Id.* at 292-93. We may also consider the consequences that would result from construing the statute one way or the other, and, in doing so, we must presume that the legislature did not intend absurd, inconvenient, or unjust consequences. *Id.* at 293.

¶ 18   With these principles in mind, we turn to the statute at issue here. Relying on the use of the term "person" in section 5-9-1.5 of the Unified Code of Corrections, defendant argues that only one $200 domestic violence fine may be imposed. Relying on the fact that nowhere in section 5-9-1.5 did the legislature exempt a defendant from multiple domestic violence fines for multiple convictions, the State contends that the imposition of three domestic violence fines was proper. Given that both of these interpretations are reasonable, we conclude that section 5-9-1.5 is ambiguous.

¶ 19   In resolving the ambiguity, we find instructive *People v. Elliott*, 272 Ill. 592 (1916). Although the issue raised in *Elliott* concerned the constitutionality of imposing a fine for each count brought in an indictment, we find our supreme court's reasoning in *Elliott* equally applicable here. In *Elliott*, the defendants were convicted of 70 counts of selling intoxicating liquor in an anti-saloon territory and 1 count of keeping a place where intoxicating liquor was unlawfully sold. *Id.* at 594. Under each count, the court sentenced the defendants to prison and imposed a fine, resulting in 71 prison terms and 71 fines. See *id.* In addressing whether imposing so many prison terms and fines was cruel and unusual punishment, the court stated:

> "There was no reason whatever for any leniency toward the defendants, who were knowing and willful violators of the law. The only reason that the fines aggregate a large sum and the imprisonment is for a long period is because there were so many violations of the law prosecuted under one indictment, but the punishment under each count must be considered by itself. The State may join misdemeanors of the same character in the same indictment and the court may fix separate punishment upon each count on which there is a conviction. [Citation.] This practice has been approved by this court rather than to require separate indictments for each offense." *Id.* at 600.

¶ 20   In line with *Elliott*, we see no reason why defendant should be allowed to escape liability for three separate $200 domestic violence fines. Indeed, if we were to hold that only one $200 fine could be imposed, we would be construing section 5-9-1.5 of the Unified Code of Corrections to suggest that the legislature intended an unjust consequence, in that a defendant who battered several people would be punished no differently than a defendant who battered only one person. We thus must reject defendant's interpretation. See *Marshall*, 242 Ill. 2d at 293.

¶ 21   Finally, we consider whether it was error for the trial court to impose three court

automation and document storage fees. The court automation and document storage fees are provided for by separate county ordinances, both of which provide, in pertinent part, that the applicable fees "shall be paid *** by the defendant in any felony, misdemeanor, traffic, ordinance, or conservation *matter* on a judgment of guilty." (Emphasis added.) Du Page County Code § 9-10 (eff. June 13, 2006); Du Page County Code § 9-30 (eff. Jan. 1, 2006). In legal usage, the word "matter" can be used either as a synonym for "case" or to refer to an allegation in a pleading. See Black's Law Dictionary 999 (8th ed. 2004). Here, it seems fairly clear that the former sense was intended, as one does not normally speak of one charged with a crime as the defendant "in" an allegation. Because there was but one case, only one of each fee should be imposed for that case even though it culminated in multiple convictions. Had the Du Page County board intended to impose the fees for each conviction, it easily could have incorporated language to that effect in the ordinances. Accordingly, we vacate two of the court automation fees and two of the document storage fees imposed against defendant.

¶ 22    For the foregoing reasons, the mittimus is modified to reflect (1) a credit of $10 for two days served toward one of defendant's drug court/mental health court fines and (2) the reduction of each of the three $210 domestic violence fines to $200. Additionally, we vacate two of the $75 clerk's fees, two of the $25 court security fees, two of the $15 court automation fees, and two of the $15 document storage fees imposed against defendant. In all other respects, the judgment of the circuit court of Du Page County is affirmed.

¶ 23    Affirmed as modified in part and vacated in part.