(No. 79-CC-0951–■■■■■■■■■■■

CARL PAYNE, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 3, 1981.*

ROBERT P. SCHULHOF AND ASSOCIATES (ROBERT P. SCHULHOF, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

RoE, C.J.

Claimant, Carl Payne, owned a home in Carbondale, Illinois, which he leased to a corporation known as "Hillhouse, Inc." for use as a home for juveniles that had been committed to the care and supervision of the Illinois Department of Corrections.

In mid-1978, certain juveniles that were housed in Payne's property pursuant to his lease with Hillhouse, Inc., willfully caused severe damage to the house, making it virtually untenantable. It is agreed by all concerned that the damage that was maliciously and wilfully done to the house was in the sum of $8,000.00. Although Payne's lease was with Hillhouse, Inc., the Department of Corrections repeatedly acknowledged to Payne their intention to pay for the damage he had sustained. After all, all of Payne's negotiations in connection with the lease of his house were with representatives of the Illinois Department of Corrections, and Payne testified that he assumed he was dealing with a State agency when he signed the lease with Hillhouse, Inc. Payne was mistaken. Hillhouse, Inc., is a private "vendor corporation" that contracts with the Illinois Department of Corrections to provide services and supervision pursuant to Department of Corrections guidelines.

After the Department of Corrections had agreed to

pay Payne's claim, it was discovered that the claim had lapsed and he was directed to file suit in the Court of Claims.

Respondent now takes the position that the only agreement that Mr. Payne entered into was an agreement with a private corporation, to-wit: Hillhouse, Inc., and not with the State of Illinois. Respondent concedes that in the agreement between the Department of Corrections and Hillhouse, Inc., the Department of Corrections agrees to hold Hillhouse, Inc., harmless "for any illegal acts of the wards placed in this home." Thus, Respondent suggests that this Court is an inappropriate forum for resolution of this dispute at this time and that suit should have been initiated against Hillhouse, Inc., so as to give rise to the obligation of the State of Illinois to hold Hillhouse, Inc., harmless.

We disagree. The record in this case clearly demonstrates that the State of Illinois has deemed itself responsible for this damage and has repeatedly undertaken to pay Payne and to discharge the obligation. All lease contacts with Payne were through representatives of the Illinois Department of Corrections. Standards applied in connection with the use of Payne's residence were dictated by the Illinois Department of Corrections. Payne unquestionably believed that Hillhouse, Inc., was an arm of the Illinois Department of Corrections. Respondent should not be permitted to "delay" its responsibility on the ground that no formal claim has been made against Hillhouse, Inc., in connection with the damages to Mr. Payne's property. Respondent also raises the question of whether or not the damage to Payne's property constituted "any illegal act" within the meaning of the hold harmless arrangement between the Department of Corrections and Hillhouse, Inc. Dealing with this last issue

first, it must be observed that there can be no question that the acts of which Mr. Payne complains were "illegal acts" within the meaning of the contract between the Department of Corrections and Hillhouse, Inc. Indeed, the acts constituted the malicious and wanton destruction of Mr. Payne's property. Therefore, Respondent's position with respect to the definition of "any illegal acts" must be rejected.

Finally, the record amply supports the position that the Illinois Department of Corrections, through its authorized agents, servants or employees, has fully accepted responsibility to pay the $8,000.00 in damages to Mr. Payne's house in consideration of Mr. Payne's forbearance to bring suit against Respondent's contract vendor. We deem the agreement of the Department of Corrections to pay and discharge this obligation to be binding and supported by consideration in that Mr. Payne did forbear to sue Hillhouse, Inc.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $8,000.00.