THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE WILCOXEN, Defendant-Appellant (The Department of Corrections, Intervenor-Appellant).

Third District  No. 3—03—0555

Opinion filed April 22, 2005.—Modified on denial of rehearing July 27, 2005.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and John P. Schmidt (argued), Assistant Attorney General, of counsel), for appellant.

Edward Danner, State's Attorney, of Lewistown (Lawrence M. Bauer and Richard T. Leonard (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas C. Maas (argued), of Baudino, Potter & Maas, of Farmington, for appellee Bruce Wilcoxen.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The Fulton County circuit court ordered the Illinois Department of Corrections (IDOC) to pay attorney fees for appointed counsel who represented an inmate during discharge proceedings under the Sexu-

ally Dangerous Persons Act (the Act) (725 ILCS 205/0.01 *et seq.* (West 2002)). The IDOC argues that the circuit court lacked authority to enter this order. We affirm.

## BACKGROUND

In 1982 Bruce Wilcoxen was found to be a sexually dangerous person and committed to the IDOC under the Act. In 2001, pursuant to his rights under the Act, Wilcoxen filed for discharge on the grounds that he had recovered and was no longer sexually dangerous. The circuit court appointed an attorney to represent him. The matter proceeded to a trial where a jury found that Wilcoxen had not recovered. Accordingly, he was returned to the custody of the IDOC.

Wilcoxen's appointed attorney filed a petition for fees, which the court granted in an order requiring the IDOC to pay the bill ($7,570.30). The IDOC intervened and argued, *inter alia,* that the order was prohibited by the doctrine of sovereign immunity. The court disagreed and found that it had authority to assess the attorney fees against the IDOC "as a cost of providing services to inmates." Accordingly, the court entered an order stating that the fees "shall be paid by the State of Illinois through the Illinois Department of Corrections." The IDOC responded with this appeal.

## STANDARD OF REVIEW

The parties agree that our standard of review is *de novo.* See *People v. Johnson,* 206 Ill. 2d 348 (2002) (noting that questions of law are subject to *de novo* review).

## DISCUSSION

The Illinois Constitution states: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." Ill. Const. 1970, art. XIII, § 4. Pursuant to its authority to reinstate sovereign immunity, the General Assembly has declared that "the State of Illinois shall not be made a defendant or party in any court" except as provided in the Court of Claims Act (705 ILCS 505/1 *et seq.* (West 2002)) and the Illinois Public Labor Relations Act (5 ILCS 315/1 (West 2002)). 745 ILCS 5/1 (West 2002).

The instant matter does not involve the Illinois Public Labor Relations Act. Regarding the Court of Claims Act, both parties cite subsection 8(a), which reads:

> "The [Court of Claims] shall have exclusive jurisdiction to hear and determine \*\*\*
>
> \*\*\* [a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency; provided, however,

the court shall not have jurisdiction (i) to hear or determine claims *** for expenses in civil litigation ***." 705 ILCS 505/8(a) (West 2002).

The pivotal question is whether in light of article XIII, section 4, of the Illinois Constitution, and these statutory provisions, the doctrine of sovereign immunity prevents the State from having any liability for a defendant's attorney fees in recovery proceedings under the Sexually Dangerous Persons Act.

## ANALYSIS

When engaging in statutory construction, our role is to determine and effectuate the General Assembly's intent. *People v. Ceja*, 351 Ill. App. 3d 299 (2004). In doing so, we look to the plain statutory language used by the General Assembly, and if that language is clear, we must apply it without using other tools of construction. *People v. Robinson*, 172 Ill. 2d 452 (1996).

The plain language of the sovereign immunity statute is clear. The General Assembly's reinstatement of such immunity does not apply unless the State has been "made a defendant or party" in the case at issue. 745 ILCS 5/1 (West 2002). In the instant case, the State is not the defendant, and Wilcoxen did not "make" the State a party; rather, the State chose to become a party by initiating proceedings under the Act and maintaining Wilcoxen's commitment in the IDOC. Neither was the State transformed into a defendant merely by the petition for attorney fees—as if the petition somehow created its own case with realigned parties. The petition was a component of the original action against Wilcoxen (filed by the State as plaintiff). Since the plain language of the sovereign immunity statute does not apply, there is no need to analyze the Court of Claims Act because the instant case is governed by the constitutional declaration that sovereign immunity does not exist (Ill. Const. 1970, art. XIII, § 4).

Having reached this conclusion, we see no reversible error in the circuit court's judgment. Wilcoxen was entitled to an attorney (725 ILCS 205/5 (West 2002)), and there is no dispute about his inability to pay the attorney fees. Accordingly, either Fulton County or the State had to pay the fees. The court's judgment is reasonable in light of section 8 of the Act, which establishes the Director of the IDOC as the legal guardian of a person committed under the Act. 725 ILCS 205/8 (West 2002). Under this provision, the State—not the county—has guardianship responsibilities for Wilcoxen.

In the instant setting, we believe that a person's legal guardian is the correct source of payment for the person's essential expenses. The expenses incurred by Wilcoxen were essential because he needed an

attorney to represent him during the discharge proceedings (proceedings to which he was statutorily entitled). The fact of guardianship distinguishes the instant case from cases cited by the State (*e.g.*, *People ex rel. Manning v. Nickerson*, 184 Ill. 2d 245 (1998); *Alden Nursing Center—Lakeland, Inc. v. Patla*, 317 Ill. App. 3d 1 (2000)), where no such responsibility for the defendant existed. Under these unique facts, we conclude that the fee issue was an integral part of the State's original sexually-dangerous-persons action; unlike, for instance, the defendant's counterclaim in *Manning*.

The State's argument is unavailing because it rests on an assumption that sovereign immunity applies in the first place and, thus, that section 8 must unequivocally waive such immunity. As noted above, sovereign immunity does not apply here. The circuit court possessed "inherent power" to enter an order ensuring that Wilcoxen's attorney did not suffer an intolerable sacrifice and burden as a result of his appointment. *People ex rel. Conn v. Randolph*, 35 Ill. 2d 24, 29 (1966). We see no reversible error in the court's exercise of that authority.

## CONCLUSION

For the foregoing reasons, the judgment of the Fulton County circuit court is affirmed.

Affirmed.

McDADE and SCHMIDT, JJ., concur.