NOTICE

Decision filed 03/06/07. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-05-0696

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| Plaintiff and Respondent, ) | Perry County. |
| ) | |
| v. ) | No. 00-CF-3 |
| ) | |
| TROY E. DOWNS, ) | |
| ) | |
| Defendant and Petitioner-Appellee ) | |
| ) | Honorable |
| (The Department of Corrections, Intervening ) | James W. Campanella, |
| Respondent-Appellant). ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the opinion of the court:

The Illinois Department of Corrections (the Department) appeals from the orders of

the circuit court of Perry County directing the Department to pay the attorney fees and other

litigation costs associated with the representation of indigent Troy Downs in proceedings

under the Sexually Dangerous Persons Act (the Act) (725 ILCS 205/0.01 *et seq.* (West

2004)).  The Act allows for the confinement, in the Department, of a person deemed to be

suffering from a mental disorder, coupled with criminal propensities to the commission of

sex offenses, who has demonstrated propensities toward acts of sexual assault or molestation

of children.  725 ILCS 205/1.01, 8 (West 2004).

Downs, who had been confined under the Act and was indigent, applied to the circuit

court of Perry County for a discharge, and in accordance with section 5 of the Act (725 ILCS

205/5 (West 2004)), an attorney was appointed by that court to represent him.  The same

attorney was also appointed to represent Downs in an appeal to this court from the denial of

an earlier petition for a discharge.  Subsequently, the attorney filed petitions for interim

1

attorney fees and costs, seeking reimbursement from the Department. The circuit court entered orders directing the Department to pay those fees and costs. The Department filed a motion for leave to intervene and a motion to reconsider the orders directing it to pay the attorney fees and costs, as well as objections to a further petition for interim attorney fees and costs. The Department's motion for leave to intervene was granted, but its motion to reconsider was denied. All the attorney's petitions for interim fees and costs were granted, and the Department now appeals. The Department filed one appeal from orders entered June 30, 2005, and September 9, 2005, and another from an order entered December 1, 2005. The two appeals were consolidated by an order of this court.

The parties agree that no facts are in dispute and that this appeal involves only questions of law. Accordingly, our review of the trial court's decision is *de novo*. *McGee v. Snyder*, 342 Ill. App. 3d 274, 278 (2003). For reasons that follow, we affirm the orders of the circuit court.

In ruling as it did, the circuit court relied on the appellate court's opinion in *People v. Wilcoxen*, 358 Ill. App. 3d 1076 (2005). Like the case at bar, *Wilcoxen* involved an appeal by the Department from a circuit court order that it pay attorney fees for appointed counsel who had represented an inmate during discharge proceedings under the Act. On appeal, the Department argued that the order was prohibited by the doctrine of sovereign immunity. The appellate court disagreed, holding that the legislature's reinstatement of sovereign immunity does not apply unless the State has been " 'made a defendant or party' " to the action at issue. *Wilcoxen*, 358 Ill. App. 3d at 1078 (quoting 745 ILCS 5/1 (West 2002)). In a proceeding under the Act, the State is not the defendant, nor does the person subject to proceedings under the Act "make" the State a party defendant. *Wilcoxen*, 358 Ill. App. 3d at 1078. To the contrary, the State chooses to become a party by initiating proceedings under the Act. *Wilcoxen*, 358 Ill. App. 3d at 1078. A petition for attorney fees incurred in representing an

2

inmate in proceedings under the Act does not transform the State into a defendant but is a component of the original action brought by the State. Accordingly, the State is not a "party defendant" and sovereign immunity does not bar a request for attorney fees. *Wilcoxen*, 358 Ill. App. 3d at 1078.

The appellate court went on to hold that the circuit court did not err in ordering the Department to pay the attorney fees and costs where the inmate was entitled to an attorney and there was no dispute about his inability to pay the attorney fees. *Wilcoxen*, 358 Ill. App. 3d at 1078. The court found such an order to be reasonable in light of section 8 of the Act (725 ILCS 205/8 (West 2002)), which establishes the Director of Corrections as the legal guardian of a person committed under the Act. The court held that a person's legal guardian is the correct source for the payment of a person's essential expenses, including the essential expense of an attorney to represent that person during discharge proceedings under the Act. *Wilcoxen*, 358 Ill. App. 3d at 1078-79. The fact of guardianship is what distinguishes a case involving the Act from other cases relied on by the Department, where no guardianship responsibility for the inmate exists. *Wilcoxen*, 358 Ill. App. 3d at 1079. Finally, borrowing language from *People ex rel. Conn v. Randolph*, 35 Ill. 2d 24, 29 (1966), the court held, "The circuit court possessed 'inherent power' to enter an order ensuring that [the inmate]'s attorney did not suffer an intolerable sacrifice and burden as a result of his appointment." *Wilcoxen*, 358 Ill. App. 3d at 1079.

In this appeal, the Department argues that *Wilcoxen* was wrongly decided in that it erroneously ignored the well-established rule that courts may not assess litigation costs against the State in civil actions absent affirmative statutory language expressly authorizing such an award. Indeed, the Department is correct that a party may not recover from the State, or one of its agencies, attorney fees or other litigation costs in a civil action unless there is affirmative statutory language reflecting the State's consent to the imposition of costs against

3

it.  See *Department of Revenue v. Appellate Court of Illinois, First District*, 67 Ill. 2d 392, 396 (1977); *Williams v. Davenport*, 306 Ill. App. 3d 465, 469 (1999).  However, we agree with the decision in *Wilcoxen* that the Act does, in fact, authorize the imposition of costs against the State for the representation of indigent inmates.

As the court in *Wilcoxen* pointed out, section 8 of the Act provides that, upon determining that an individual is a sexually dangerous person under the Act, the court shall appoint the Director of Corrections as the guardian of the person for that individual, and the individual shall stand committed to the custody of that guardian.  725 ILCS 205/8 (West 2004).  Thus, under the Act, the State, not the county, has guardianship responsibilities for the inmate.  Thus, the Department is the appropriate source, if the inmate is indigent, for the payment of the inmate's expenses incurred in proceedings under the Act.

We also agree with *Wilcoxen* that it is this guardianship relationship, established by the Act, which distinguishes this case from those cited by the Department in support of its position.  For example, in *In re Detention of Campbell*, 319 Ill. App. 3d 621 (2001), we held that a trial court erred in ordering the Department to pay the court-appointed attorney fees of an individual, incarcerated in the Department, who was adjudicated a sexually violent person under the Sexually Violent Persons Commitment Act (725 ILCS 207/1 *et seq.* (West 1998)).  Unlike the Act in the case at bar, the Sexually Violent Persons Commitment Act does not establish a guardianship relationship between the Department and the committed individual.

The Department also argues that the holding in *Wilcoxen* that sovereign immunity did not bar the imposition of attorney fees and costs against the State is wrong.  Again, we agree with the decision in *Wilcoxen*.  The doctrine of sovereign immunity bars only actions brought *against* the State, not actions brought *by* the State.  The State initiates proceedings under the Act, just as it does in criminal prosecutions.  725 ILCS 205/3 (West 2004).  The claim for

attorney fees and costs is not a separate action brought against the State but, as *Wilcoxen* held, a component of the action brought by the State under the Act. *Wilcoxen*, 358 Ill. App. 3d at 1078. A claim for court-appointed attorney fees is not akin to a counterclaim seeking damages in tort, like that deemed barred by sovereign immunity in *People ex rel. Manning v. Nickerson*, 184 Ill. 2d 245, 249 (1998). The Department's argument that sovereign immunity bars a claim for attorney fees and costs against the Department was rejected by the appellate court in *Wilcoxen*, and we choose to follow that precedent here.

Finally, we note that the legislature has not acted to amend the Act in light of the *Wilcoxen* decision, despite the opportunity to do so. It is axiomatic that where a statute has been judicially construed and the construction has not evoked an amendment, it will be presumed that the legislature has acquiesced in the court's exposition of the legislative intent. *People v. Hairston*, 46 Ill. 2d 348, 353 (1970). Indeed, section 9 of the Act, which deals with applications for discharge such as the one in the case at bar, was amended after the decision in *Wilcoxen*, to reflect the proper burden of proof as set forth by the supreme court in *People v. Trainor*, 196 Ill. 2d 318, 335 (2001). 725 ILCS 205/9 (West Supp. 2005). It was not, however, amended to reflect the holding in *Wilcoxen*. The legislature is presumed to know the judicial construction that a statute has been given, and when the legislature reenacts a statute without modification, it is assumed to have intended the same effect. *People ex rel. Klaeren v. Village of Lisle*, 316 Ill. App. 3d 770, 782 (2000), *aff'd*, 202 Ill. 2d 164 (2002). Accordingly, we find that section 8 of the Act (725 ILCS 205/8 (West 2004)) authorizes an award against the Department for the attorney fees and costs incurred in the representation of an indigent inmate in proceedings under the Act and that such an award is not prohibited by the State's sovereign immunity.

For the foregoing reasons, the orders of the circuit court of Perry County are hereby affirmed.

5

Affirmed.

CHAPMAN and WEXSTTEN[1], JJ., concur.

---

[1]Justice Wexstten has read the briefs and listened to the audiotape of oral argument.

NO. 5-05-0696

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Respondent, | ) | Perry County. |
| | ) | |
| v. | ) | No. 00-CF-3 |
| | ) | |
| TROY E. DOWNS, | ) | |
| | ) | |
| Defendant and Petitioner-Appellee | ) | |
| | ) | Honorable |
| (The Department of Corrections, Intervening | ) | James W. Campanella, |
| Respondent-Appellant). | ) | Judge, presiding. |

**Opinion Filed**: March 6, 2007

**Justices**: Honorable Thomas M. Welch, P.J.

Honorable Melissa A. Chapman, J., and
Honorable James M. Wexstten, J.,
Concur

**Attorneys for Appellant** — Lisa Madigan, Attorney General, State of Illinois, Gary Feinerman, Solicitor General, John P. Schmidt, Assistant Attorney General, 100 West Randolph Street, 12th Floor, Chicago, IL 60601

**Attorney for Appellee** — Ellen Jenkins Curry, 302 Public Square, P.O. Box 1611, Benton, IL 62812