THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. COREY CARTER, Defendant (The Department of Corrections, Intervenor-Appellant).

Second District   No. 2—07—0840

Opinion filed June 26, 2009.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellant.

John B. Roe, State's Attorney, of Oregon (Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Intervenor, the Department of Corrections, appeals two orders from the circuit court of Ogle County directing it to pay the attorney fees and other litigation costs incurred by counsel appointed to

represent defendant, Corey Carter, in proceedings brought under the Sexually Dangerous Persons Act (the Act) (725 ILCS 205/0.01 *et seq.* (West 2006)). The only issue raised by intervenor is whether the trial court had the statutory authority to order it to pay defendant's attorney fees in a proceeding brought pursuant to the Act. We affirm.

On May 16, 1996, the Ogle County State's Attorney filed an information with the trial court, charging defendant with committing the offense of attempted criminal sexual assault (720 ILCS 5/8—4(a) (West 1996)). On May 22, 1996, the State of Illinois, through the Ogle County State's Attorney, filed a petition with the trial court to commit defendant as a sexually dangerous person.

The trial court conducted a bench trial regarding the petition to commit defendant as a sexually dangerous person. On December 13, 1996, following the bench trial, the trial court found that defendant was a sexually dangerous person, beyond a reasonable doubt, and ordered him confined pursuant to the Act. The trial court ordered that "the Director of Corrections is appointed as the guardian of [defendant] pursuant to Section 8 of the Illinois Sexually Dangerous Persons Act." 725 ILCS 205/8 (West 1996). The trial court's order was upheld by this court on direct appeal. *People v. Carter*, No. 2—97—0043 (1999) (unpublished order under Supreme Court Rule 23).

On December 13, 2002, defendant filed an "Application Showing Recovery" with the trial court. Defendant asserted that he was no longer a sexually dangerous person and should, therefore, be discharged from confinement. Defendant further claimed that he was indigent and requested appointment of counsel. The trial court appointed counsel to represent defendant.

On October 26, 2005, defendant's appointed counsel filed a motion for payment of attorney fees with the trial court. In the motion, counsel represented that he had spent 22 hours working on the case. The same day, the trial court entered an order directing that defendant's appointed counsel receive $1,870 from the Ogle County ordinance fund and directing intervenor to reimburse Ogle County for that payment. In support of its order, the trial court cited *People v. Wilcoxen*, 358 Ill. App. 3d 1076 (2005), which upheld a trial court's order compelling the Department of Corrections to pay a defendant's attorney fees in a proceeding brought under the Act.

On November 23, 2005, the Department of Corrections filed a motion to intervene and a timely motion to reconsider the portion of the trial court's order that directed it to reimburse Ogle County for defendant's attorney fees. Intervenor acknowledged *Wilcoxen* in its motion to reconsider, but stated that the appellate court's decision was inconsistent with Illinois Supreme Court authority barring the assess-

ment of litigation costs against the State in a civil proceeding absent clear, affirmative statutory language reflecting the State's consent to the imposition of costs against it.

The trial court stayed the October 26, 2005, order against intervenor while its motion to reconsider was pending. On October 23, 2006, defendant's appointed counsel filed a motion for attorney fees for nine more hours of services. On June 29, 2007, the trial court entered an order directing that defendant's counsel receive an additional $765 from the Ogle County ordinance fund and directing intervenor to reimburse Ogle County for that payment. The June 2007 order for payment from intervenor was also stayed pending resolution of the issues raised in its November 2005 motion to reconsider. On July 23, 2007, the trial court entered an order denying intervenor's motion to reconsider but stayed payment of any fees by intervenor pending appeal. Intervenor timely appealed.

Intervenor contends that the trial court lacked statutory authority to order it to pay defendant's attorney fees in a proceeding under the Act. Specifically, intervenor argues that sovereign immunity bars the trial court from ordering it to reimburse Ogle County for defendant's attorney fees, because there was no explicit statutory waiver of the State's immunity as required pursuant to the State Lawsuit Immunity Act (745 ILCS 5/1 *et seq.* (West 2006)). Intervenor asserts that, because sovereign immunity applies, the trial court lacked subject matter jurisdiction to order intervenor to reimburse Ogle County for defendant's attorney fees.

■ Pursuant to the Act, if a person is charged with a criminal offense involving sexual conduct, the Attorney General or the State's Attorney of the county where the defendant was charged may initiate a civil proceeding by petitioning to have the defendant treated as a sexually dangerous person and committed to the custody of the Director of the Department of Corrections. 725 ILCS 205/3, 8 (West 2006). The Act defines a "sexually dangerous person" as a person suffering from a mental disorder for at least one year's time, who has criminal propensities to commit sex offenses, and who has demonstrated propensities towards acts of sexual assault or sexual molestation of children. 725 ILCS 205/1.01 (West 2006).

This appeal involves a question of law in which there are no disputed factual issues, so we apply a *de novo* standard of review. See *People v. Johnson*, 206 Ill. 2d 348, 359 (2002) (questions of law are subject to *de novo* review). As an initial matter, we note that the Fifth District and the Third District have previously considered this issue. Both courts determined that sovereign immunity did not apply to a proceeding under the Act and ordered the Department of Corrections

to pay the defendant's attorney fees. See *People v. Downs*, 371 Ill. App. 3d 1187, 1190 (2007); *People v. Wilcoxen*, 358 Ill. App. 3d 1076, 1078 (2005). Intervenor argues that *Downs* and *Wilcoxen* were wrongly decided and urges this court not to follow them.

The doctrine of sovereign immunity is addressed in the Illinois Constitution. Specifically, the Illinois Constitution states, "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." Ill. Const. 1970, art. XIII, §4. Pursuant to its authority to reinstate sovereign immunity, the General Assembly has provided through the State Lawsuit Immunity Act that "the State of Illinois shall not be made a defendant or party in any court" except as provided in the Court of Claims Act (705 ILCS 505/1 *et seq.* (West 2006)) and the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 2006)). 745 ILCS 5/1 (West 2006). This matter does not involve the Illinois Public Labor Relations Act, and sovereign immunity is addressed in section 8(a) of the Court of Claims Act. Section 8(a) provides:

> "The [Court of Claims] shall have exclusive jurisdiction to hear and determine ***:
>
> (a) All claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency; provided, however, the court shall not have jurisdiction (i) to hear or determine claims *** for expenses in civil litigation ***." 705 ILCS 505/8(a) (West 2006).

This court must determine whether, in light of section 4 of article XIII of the Illinois Constitution and the cited statutory provisions, the doctrine of sovereign immunity prevents the State from having any liability for defendant's attorney fees in recovery proceedings under the Act.

In *Downs* and *Wilcoxen*, each appellate court determined that sovereign immunity did not apply, because the State had not been made a defendant or a party to the action. See *Downs*, 371 Ill. App. 3d at 1189; *Wilcoxen*, 358 Ill. App. 3d at 1078. Each court noted that the State chose to become a party when it initiated civil proceedings to commit the defendant pursuant to the Act. *Downs*, 371 Ill. App. 3d at 1189; *Wilcoxen*, 358 Ill. App. 3d at 1078. The courts held that, because sovereign immunity did not apply, no explicit waiver of immunity was required. *Downs*, 371 Ill. App. 3d at 1189; *Wilcoxen*, 358 Ill. App. 3d at 1078. Each court held that the Department of Corrections, as the defendant's guardian, was the appropriate source to pay the defendant's attorney fees. *Downs*, 371 Ill. App. 3d at 1190; *Wilcoxen*, 358 Ill. App. 3d at 1078.

■ We agree with the rationales and holdings in *Downs* and *Wilcoxen*. When engaging in statutory construction, the goal of the judiciary is to determine and effectuate the General Assembly's intent. *Wilcoxen*, 358 Ill. App. 3d at 1078, citing *People v. Ceja*, 351 Ill. App. 3d 299, 300 (2004). If the statutory language is clear, we are obligated to apply it without resorting to other tools of construction. *Wilcoxen*, 358 Ill. App. 3d at 1078, citing *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). The plain language of the sovereign immunity statute is clear: sovereign immunity does not apply unless the State has been "made a defendant or party." In the present case, the State was not "made" a defendant or party. The State chose to become a party when its State's Attorney initiated civil proceedings under the Act to commit defendant as a sexually dangerous person. The State initiated this action; the petition for attorney fees was not a separate action (*Wilcoxen*, 358 Ill. App. 3d at 1078) and did not realign the parties. The petition remained part of the underlying civil action against defendant, of which the State was plaintiff. When the trial court ordered intervenor to pay defendant's attorney fees, it was ultimately ordering the State to pay the fees, because intervenor is an arm of the State. See *Payne v. State of Illinois*, 35 Ill. Ct. Cl. 228 (1981) (the State is responsible for payment when a court holds the Department of Corrections liable). Because the State initiated the proceedings that caused defendant to incur the fees at issue, sovereign immunity does not apply. Because sovereign immunity does not apply, no specific statutory waiver of immunity is required, and we need not reach an analysis under the Court of Claims Act. See *People ex rel. Partee v. Murphy*, 133 Ill. 2d 402, 408 (1990) (appellate court does not issue advisory opinions on abstract questions of law).

We also agree with the *Downs* and *Wilcoxen* courts that intervenor, as defendant's guardian, is the appropriate party to pay defendant's attorney fees. The Act mandates that the Director of the Department of Corrections be made the legal guardian of individuals found to be sexually dangerous persons as defined under the Act. 725 ILCS 205/8 (West 2006). Here, it is undisputed that intervenor is defendant's legal guardian. It is also undisputed that defendant was entitled to an attorney in his discharge proceeding under the Act (725 ILCS 205/5 (West 2006)) and that he was indigent and unable to pay these fees. Under these circumstances, the trial court's judgment ordering intervenor to reimburse Ogle County for defendant's attorney fees was proper. Because defendant was entitled to representation during his discharge proceedings under the Act, defendant's attorney fees constituted a necessary expense. We agree with the *Wilcoxen* court that a legal guardian is the appropriate source of payment for a

person's necessary expenses. *Wilcoxen*, 358 Ill. App. 3d at 1078-79; see also *In re Lawrence M.*, 172 Ill. 2d 523, 527 (1996); *Doe v. Burgos*, 265 Ill. App. 3d 789, 792 (1994) (statutory duty to provide care encompasses a duty to pay necessary expenses).

Moreover, amendments to the Act and the Sex Offender Management Board Act (20 ILCS 4026/1 *et seq.* (West 2006)) create an avenue of reimbursement to the Department of Corrections for services rendered to sexually dangerous inmates who are indigent. On January 1, 2004, language was added to the Act, stating, "Any treatment provided under this Section shall be in conformance with the standards promulgated by the Sex Offender Management Board Act ***." 725 ILCS 205/8 (West 2006). On that same date, the Sex Offender Management Board Act was amended to add language declaring that any and all practices endorsed or required under the Act were to be at the expense of the person evaluated or treated, based upon that person's ability to pay. 20 ILCS 4026/19 (West 2006). The Sex Offender Management Board Act further provided that, if the person incurring the expense does not have the ability to pay, then the agency providing supervision of the sex offender shall request reimbursement for services from the Sex Offender Management Board Fund. 20 ILCS 4026/19 (West 2006). Since 2004, that fund has existed to reimburse intervenor for expenses it pays in its role as guardian on behalf of sexually dangerous persons who are indigent. 20 ILCS 4026/19 (West 2006). This provides support for our determination that intervenor, as guardian, has a duty to pay defendant's attorney fees. Furthermore, it indicates that the legislature did not intend for sovereign immunity to bar claims of this nature.

Finally, intervenor's argument that the trial court lacked jurisdiction is without merit. The argument rests on an assumption that, because sovereign immunity applies, section 8(a) of the Court of Claims Act applies unless the State explicitly waives such immunity. But, as we stated earlier, sovereign immunity does not apply here, because the State was not "made a defendant or party"; the State chose to become a party by initiating civil proceedings to commit defendant. Therefore, sovereign immunity is not applicable, and the trial court had both the jurisdiction and the authority to order intervenor to reimburse Ogle County for defendant's attorney fees, ensuring that defendant's attorney did not suffer an "intolerable burden" as a result of his appointment. See *People ex rel. Conn v. Randolph*, 35 Ill. 2d 24, 29 (1966). Furthermore, the cases relied on by intervenor, which it argues are at odds with *Wilcoxen* and *Downs*, are distinguishable. Here, intervenor was the legal guardian of defendant when defendant incurred the legal fees and, therefore, intervenor was

the appropriate source of payment for defendant's necessary expenses. In the cases cited by intervenor, no such relationship existed. See *People ex rel. Manning v. Nickerson*, 184 Ill. 2d 245 (1998); *Alden Nursing Center—Lakeland, Inc. v. Patla*, 317 Ill. App. 3d 1 (2000).

In sum, because the State was not made a defendant or a party to this action, but rather chose to become a party when it sought to commit defendant pursuant to the Act, we conclude that the doctrine of sovereign immunity is not applicable. Therefore, we affirm the trial court's orders requiring intervenor to reimburse Ogle County for attorney fees incurred by defendant during his hearing pursuant to the Act.

For the foregoing reasons, we affirm the judgment of the circuit court of Ogle County.

Affirmed.

ZENOFF, P.J., and HUDSON, J., concur.