2020 IL App (2d) 190389-U
No. 2-19-0389
Order filed May 7, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 86-CF-86 |
| JAMES C. FINKLE, | ) ) ) | Honorable Jacquelyn D. Ackert, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Bridges and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in denying reimbursement motion filed by defendant, who had been adjudicated a sexually dangerous person and denied discharge: the record refuted defendant's claim that he paid attorney fees and costs in connection with his applications for discharge and he forfeited his claim that he was improperly charged for certain operational costs incurred by the Department of Corrections.

¶ 2    Defendant, James C. Finkle, appeals from an order of the circuit court of Lee County denying his "Motion for Reimbursement of Legal Fees and Cost [*sic*]" (Reimbursement Motion). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On May 14, 1986, defendant was charged by information with two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, ¶ 12-14(b)(1)).  On the same day, the State filed a petition for commitment under the Sexually Dangerous Persons Act (Act) (Ill. Rev. Stat. 1985, ch. 38, ¶ 105-1.01 *et seq.*) now 725 ILCS 205/0.01 *et seq.* (2018)).  On November 3, 1986, the trial court granted the petition and appointed the Department of Corrections (Department) as defendant's guardian pursuant to section 8 of the Act.  *Id.* § 8.  The State then nol-prossed the aggravated criminal sexual assault charges.

¶ 5     On several occasions during the ensuing years defendant filed "application[s] showing recovery," seeking discharge from commitment pursuant to section 9 of the Act (*id.* § 9).  On each occasion, defendant was represented by the Lee County Public Defender.  The trial court denied each application.  Defendant also filed a petition seeking "judicial review" of his care and treatment and the conditions of his confinement.  He was not represented by counsel in connection with that petition, which the trial court denied.

¶ 6     On April 23, 2019, defendant filed the Reimbursement Motion in which he sought an order that "[the Big Muddy River Correctional Center] Trust Office *** Reimburse ALL legal cost, (copies and postage), from the day Defendant was committed in ,1986 [*sic*] to present."  He also requested that "the Court order that Defendant not have to pay for [the Department's] ID's or keys to cells because they are a necessary expense and that Defendant be reimbursed for any fees paid."  The trial court denied the motion and this appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8     As guardian for an individual committed under the Act, the Department is responsible for essential expenses that he or she is unable to pay.  *People v. Wilcoxen*, 358 Ill. App. 3d 1076, 1078 (2005).  Attorney fees related to a discharge hearing are an essential expense.  *Id.* at 1078-79.

However, defendant's claim for reimbursement of attorney fees is meritless because the record does not show that defendant paid any attorney fees. The Lee County Public Defender represented defendant in the proceedings on each "application showing recovery" that he filed, and he was never ordered to reimburse Lee County for the cost of representation. See 725 ILCS 5/113-3.1 (West 2018). Because defendant has paid no attorney fees, there is nothing for which to reimburse him.

¶ 9    Defendant also fails to articulate a basis for reimbursing him for postage or the cost of copies, IDs and cell keys. Assuming for the sake of argument that postage is an essential expense, we note that the Department's rules and regulations ensure that a person in its custody can send a reasonable amount of legal mail regardless of his or her ability to pay postage. 20 Ill. Adm. Code § 525.130(a) (2003). Defendant has not claimed that the Department violated its rules and regulations. Furthermore, defendant cites no authority and advances no argument that copies, IDs, and cell keys are essential expenses. Accordingly, defendant has forfeited the issue. *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54. We therefore conclude that the trial court properly denied defendant's motion.

¶ 10                                III. CONCLUSION

¶ 11    For the foregoing reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.