2023 IL App (3d) 210579

Opinion filed February 1, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CLAYTON COOP, | ) ) | Appeal No. 3-21-0579 Circuit No. 88-CF-154 |
| Defendant-Appellee | ) ) ) | |
| (The Department of Corrections, | ) ) | The Honorable H. Chris Ryan, Jr. |
| Intervenor-Appellant). | ) | Judge presiding. |

JUSTICE ALBRECHT delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice Brennan concurred in the judgment and opinion.

**OPINION**

¶ 1        This appeal arises from the La Salle County circuit court's order requiring the

Department of Corrections (DOC) to pay James Reilly's attorney fees in the amount of $6356.25

for his representation of Clayton Coop in various proceedings under the Sexually Dangerous

Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 2020)). The DOC argues that under section

5 of the Act, La Salle County is responsible for Coop's attorney fees. *Id.* § 5. We reverse the order of the circuit court and remand for further proceedings consistent with this opinion.

¶ 2                                    I. BACKGROUND

¶ 3         On October 18, 1988, Coop was admitted into DOC custody after he was adjudicated as a sexually dangerous person (SDP) pursuant to the Act. On October 1, 2003, the circuit court found Coop was no longer dangerous and entered a release plan for conditional release on May 21, 2004.

¶ 4         In 2008, the court appointed Reilly to represent Coop on his petition for discharge or modification of conditional release. An amended release plan was entered, followed by several modifications to Coop's parole conditions. Over the next several years, Reilly filed motions and appeared in court on Coop's behalf numerous times requesting modification or termination of Coop's conditional discharge.

¶ 5         On August 20, 2021, Reilly filed a motion for attorney fees, requesting payment from the DOC as Coop's current guardian. Attached to the motion was a statement of services that Reilly provided to Coop for the years 2013 and 2017 and from December 2019 to present. The DOC intervened in the case and argued that it was not the proper source for payment of attorney fees because the 2013 amendment to section 5 of the Act specified that the cost of representing an indigent was to be paid by the county in which the proceeding was brought. In response, Reilly cited *People v. Kastman*, 2021 IL App (2d) 210158, ¶ 20, which held that the DOC is the guardian of an SDP and is therefore responsible for his expenses while on conditional discharge. Further, Reilly argued that the Probate Act of 1975 (755 ILCS 5/1-1 *et seq.* (West 2020)) requires the guardian, in this case the DOC, to bear the financial responsibility for Coop's expenses.

¶ 6          After a hearing, the court perceived a conflict between *Kastman* and the Fifth District decision in *People v. Sharp*, 2021 IL App (5th) 190190, ¶ 21, which held that the county must pay attorney fees. Relying on the opinion in *Kastman*, the court held that the DOC, as Coop's guardian, was responsible for his attorney fees. The circuit court entered an order requiring the DOC to pay $6356.25 to Reilly for the cost of his representation. The DOC appeals.

¶ 7                              II. ANALYSIS

¶ 8          Although it may appear that the parties at odds here are Coop and the DOC, the real parties in interest are the DOC and La Salle County. All parties agree that Coop is entitled to effective assistance of counsel at every stage of proceedings under the Act. See 725 ILCS 205/5 (West 2020). Further, as an indigent person, he is entitled to state-funded counsel to assist him. See *id.* The only dispute here is which governmental entity is required to pay for the representation of individuals already committed to the custody of DOC.

¶ 9          Before the 2013 amendment to section 5 of the Act, the circuit court's ruling that the DOC is responsible for Coop's attorney fees was consistent with Illinois legal precedent. See *People v. Carter*, 392 Ill. App. 3d 520, 525-26 (2009); *People v. Downs*, 371 Ill. App. 3d 1187, 1189-91 (2007). However, as the DOC points out, the amendment to section 5 of the Act specifically discusses attorney fees. See 725 ILCS 205/5 (West 2020). Through that amendment, the General Assembly effectively abrogated prior precedent from Illinois courts.

¶ 10          Section 5 of the Act now provides, in pertinent part:

> "The respondent in any proceedings under this Act shall have the right to demand a trial by jury and to be represented by counsel. *The cost of representation by counsel for an indigent respondent shall be paid by the county in which the proceeding is brought.*" (Emphasis added.) *Id.*

3

The requirement that the county in which the proceeding is brought pays for attorney fees was added in 2013 by the legislature. Pub. Act 98-88, § 5 (eff. July 15, 2013) (amending 725 ILCS 205/5). There is no limiting language in the amended provision restricting its application to pre-adjudication proceedings. We find this language to be definitive.

¶ 11　　This case requires us to consider the language in section 5 of the Act. We review questions of statutory interpretation *de novo*. *People v. Donoho*, 204 Ill. 2d 159, 172 (2003). The primary objective in interpreting a statute is to give effect to the intent of the legislature by looking to the language in the statute itself. *People v. Clark*, 2019 IL 122891, ¶ 18. If possible, we must give the language of the statute its plain and ordinary meaning. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 6 (2009). When the language is clear and unambiguous, we will apply it as written instead of turning to outside sources of statutory construction. *Id.* at 6-7.

¶ 12　　Although all petitions for the discharge of Coop's conditional release were brought under section 9 of the Act, section 9 itself does not contain any language addressing the cost of representation. See 725 ILCS 205/9 (West 2020). The only provision in the Act that addresses the cost of representation is contained in section 5. See *id.* § 5. Thus, we must determine whether, under the plain language of the statute, section 5 applies to the proceedings brought under section 9 of the Act, after a respondent has been adjudicated an SDP.

¶ 13　　Reilly and the circuit court both relied on *Kastman*, 2021 IL App (2d) 210158, ¶ 20, in finding that the DOC should pay for the cost of representing Coop. However, since the instant case was decided by the circuit court, the *Kastman* case has been reviewed by our supreme court. See *People v. Kastman*, 2022 IL 127681, ¶ 104. On review, although the supreme court considered the DOC's role as guardian when directing it to pay for a respondent's living expenses while on conditional release, it did not address the issue of attorney fees for

4

postadjudication petitions in its final disposition. *Id.* In fact, the respondent in *Kastman* did not seek the payment of attorney fees at all. *Id.* ¶ 10. The only financial obligations the court ruled on were related to treatment costs and living expenses. *Id.* ¶ 104. Therefore, this court finds *Kastman* inapposite.

¶ 14        The Fifth District has had occasion to consider the precise question presented here in its opinion in *Sharp*, 2021 IL App (5th) 190190, ¶ 21. The *Sharp* court found that the cost of representation for a section 9 postadjudication proceeding was the responsibility of the county in which the proceeding was brought. *Id.* In doing so, the court held that, because the provisions of section 5 apply to all proceedings under the Act, the county is financially responsible for attorney fees, no matter where in the adjudicatory process the request occurs. *Id.* ¶ 18. We find this interpretation of the Act persuasive.

¶ 15        Section 5 of the Act is unambiguous. It clearly states that a respondent is entitled to representation by counsel "in any proceedings under this Act" and the cost of such representation "shall be paid by the county in which the proceeding is brought." 725 ILCS 205/5 (West 2020). It does not distinguish between preadjudication and postadjudication proceedings. Further, caselaw prior to the 2013 amendment indicates that section 5 was commonly interpreted to apply to all proceedings under the Act, including applications for discharge under section 9. See *People v. Olmstead*, 32 Ill. 2d 306, 312-13 (1965). Therefore, consistency would dictate that the county is responsible for cost of representation of an indigent respondent, regardless of whether the respondent has been adjudicated an SDP.

¶ 16        Because we find no ambiguity in the plain language of the Act, we must reverse the circuit court's order. In doing so, we acknowledge the burden placed on the county, which must find within its limited resources the funds to fulfill this financial obligation. However, the

5

General Assembly has spoken clearly and without ambiguity. We therefore find that the cost of Coop's representation is the responsibility of La Salle County, not the DOC.

¶ 17                                    III. CONCLUSION

¶ 18        For the foregoing reasons, we reverse the order of the circuit court of La Salle County and remand for further proceedings consistent with this opinion.

¶ 19        Reversed and remanded.

*People v. Coop*, 2023 IL App (3d) 210579

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of La Salle County, No. 88-CF-154; the Hon. Chris Ryan Jr., Judge, presiding. |
| **Attorneys for Appellant:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Kaitlyn N. Chenevert, Assistant Attorney General, of counsel), for appellant. |
| **Attorneys for Appellee:** | James T. Reilly, of Law Offices of Reilly & Skerston, LLC, of Streator, for appellee. |